[No. C032402. Third Dist. Oct. 30, 2000.]

In re ALLEN N., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ALLEN N., Defendant and Appellant.

## COUNSEL

Brendon Ishikawa, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Harry Joseph Colombo and Charles Fennessey, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RAYE, J.**—Following a contested jurisdictional hearing, the juvenile court found that Allen N., a minor and ward of the court based upon previously sustained petitions, committed felony assault (Pen. Code, § 245, subd. (a)(1)) and great bodily injury during the commission of that offense (Pen. Code, § 12022.7).[1]

The minor was committed to the California Youth Authority (CYA) for a maximum confinement period of 8 years and 10 months. The juvenile court then imposed the following probationary conditions: "You are not to have any contact or communication with Ronnie Obey, or Shawna Williams, or their families. ¶ And the prior orders of the Court, including your non-association with Augustine Ribota, your requirement that you participate in anger control management counseling, and that you not associate with individuals known to be members of gangs, and that you not wear or display

---

[1] The minor had the following previously sustained petitions: April 3, 1997—unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a)), threatening a public officer (Pen. Code, § 71); July 18, 1997—unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a)); June 26, 1998—falsely identifying himself to a peace officer (Pen. Code, § 148.9, subd. (a)); and December 11, 1998—assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1)).

any gang-related clothing, or emblems, or paraphernalia, those orders remain in effect."[2]

■ On appeal, the minor contends the juvenile court erred in imposing the conditions of probation because it had committed him to CYA. The People urge that the probationary conditions were proper since the juvenile court does not lose jurisdiction over the minor after the commitment and that the conditions were in the minor's best interest. In so arguing, the People fail to recognize the distinction between the juvenile court's jurisdiction and its supervisory power. We shall strike the challenged conditions.

"Under section 602 any person who is under the age of 18 when he or she commits a criminal offense is within the jurisdiction of the juvenile court. Once an individual is adjudged a ward of the juvenile court that court may retain jurisdiction over the ward until he or she attains the age of 21 or 25 depending upon the nature of the offense. ([Welf. & Inst. Code] § 607.)"[3] (*Joey W. v. Superior Court* (1992) 7 Cal.App.4th 1167, 1172 [9 Cal.Rptr.2d 486].) Sections 778 and 779 permit the juvenile court to change, modify or set aside a commitment to CYA.

Notwithstanding the juvenile court's continuing jurisdiction over a ward, "[c]ommitment to the Youth Authority in particular, brings about a drastic change in the status of the ward which not only has penal overtones, including institutional confinement with adult offenders, but also removes the ward from the *direct supervision* of the juvenile court." (*In re Arthur N.* (1976) 16 Cal.3d 226, 237-238 [127 Cal.Rptr. 641, 545 P.2d 1345], italics added, fns. omitted.)

In *In re Owen E.* (1979) 23 Cal.3d 398 [154 Cal.Rptr. 204, 592 P.2d 720], the court had occasion to address the interplay between CYA and the juvenile court over a ward after the juvenile court committed the ward to CYA. Two years after the commitment, the ward applied for, but was denied, parole. The ward's mother then petitioned the juvenile court to vacate his commitment (§ 778). The juvenile court, concluding the ward's rehabilitative needs would best be satisfied if he were released from custody, set aside its original commitment order and placed the minor on probation. (23 Cal.3d at pp. 400-401.)

On appeal by the Director of CYA, the California Supreme Court reversed the juvenile court's order. In doing so the court first compared the proceedings in juvenile court to those of adult court: "In the related field of

---

[2]The juvenile court also imposed a restitution fine and restitution to the victim in an amount to be determined. The minor is not challenging these statutorily required orders. (See Welf. & Inst. Code, § 730.6.)

[3]All further undesignated section references are to the Welfare and Institutions Code.

jurisdiction to determine the rehabilitative needs of persons convicted of crimes, we have concluded the Adult Authority had the exclusive power to determine questions of rehabilitation. 'If . . . the court were empowered . . . to recall the sentence and grant probation if the court found that the defendant had become rehabilitated after his incarceration, there manifestly would be two bodies (one judicial and one administrative) determining the matter of rehabilitation, and it is unreasonable to believe that the Legislature intended such a result.' (*Holder* v. *Superior Court* (1970) 1 Cal.3d 779, 782 [83 Cal.Rptr. 353, 463 P.2d 705]; see also *Alanis* v. *Superior Court* (1970) 1 Cal.3d 784, 786-787 [83 Cal.Rptr. 355, 463 P.2d 707].) While different statutes—even different codes—regulate the division of responsibility between the concerned administrative agency and court, it appears to be as unreasonable to assume the Legislature intended that both the juvenile court and CYA are to regulate juvenile rehabilitation as it is to assume that both the superior court and Adult Authority are to regulate criminal rehabilitation." (*In re Owen E., supra,* 23 Cal.3d at pp. 404-405.)[4]

Here, the juvenile court's imposition of discretionary conditions of probation constitutes an attempt to regulate or supervise the minor's rehabilitation, a function solely in the hands of CYA after the minor's commitment. Nor is it of any import, as suggested by the People, that similar parole conditions may be imposed by CYA or that there is not yet a conflict between the conditions imposed by the court and CYA. Simply put, the imposition of probationary conditions constitutes an impermissible attempt by the juvenile court to be a secondary body governing the minor's rehabilitation.

### DISPOSITION

The conditions of probation imposed by the court and set forth herein in the second paragraph of this opinion are stricken. In all other respects, the judgment (order committing the minor to CYA) is affirmed. The juvenile court is to amend its records accordingly and to forward copies of all such pertinent documents to the Director of CYA.

Sims, Acting P. J., and Morrison, J., concurred.

---

[4]*In re Owen E.* went on to hold that while the juvenile court retained jurisdiction over a ward to change, modify, or set aside any of its previous orders, the court was authorized to intervene only where it appeared that "CYA has failed to comply with law or has abused its discretion in dealing with a ward in its custody." (23 Cal.3d at p. 406.)