[No. B166593. Second Dist., Div. Five. Apr. 22, 2004.]

In re RONNY P., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
RONNY P., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION†]**

†Under California Rules of Court, rules 976(b) and 976.1, only the Introduction, part IV of the Discussion, and the Disposition are certified for publication.

Counsel

Law Offices of Kimberly Jackson Lee and Kimberly Jackson Lee for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Margaret E. Maxwell and Susan S. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

Opinion

**GRIGNON, J.—**

## INTRODUCTION

After finding appellant Ronny P. in violation of Penal Code sections 245, subdivision (a)(1), 243, subdivision (d), and 415.5, subdivision (a), the juvenile court declared appellant a delinquent ward of the court under Welfare and Institutions Code section 602. The juvenile court took custody of appellant from his parents, placed appellant in the custody and control of the probation officer, ordered appellant committed to the Camp Community Placement Program for a minimum of 120 days, and specified the maximum period of physical confinement as four years nine months. In the published portion of this opinion, we conclude the 120-day minimum period of confinement in camp is authorized by Welfare and Institutions Code section 730. In the unpublished portion of the opinion, we address appellant's remaining contentions concerning sufficiency of the evidence, discretion to declare the offenses to be misdemeanors, and the camp placement order. We affirm.

## FACTS AND PROCEDURAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

I.–III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

IV. *Authority To Order Minimum Period of Camp Confinement*

 Appellant contends the juvenile court exceeded its statutory authority when it imposed a minimum period of confinement in camp.[2] He argues

---

*See footnote, *ante,* page 1204.

[2] Although the 120-day commitment has been served and the issue is moot as to appellant,

the probation officer, not the juvenile court, is authorized to determine a minor's minimum period of confinement in camp. He argues further that a minimum period of confinement in camp set at the outset by the juvenile court undermines the rehabilitative objectives of the juvenile law, in that it diminishes the juvenile's incentive to progress toward rehabilitation. Although a minimum period of confinement in camp is not expressly authorized by statute, we conclude that such an order is authorized by the broad discretion afforded to juvenile courts to make dispositional orders and impose conditions under Welfare and Institutions Code section 730. (*In re Bernardino S.* (1992) 4 Cal.App.4th 613, 622 [5 Cal.Rptr.2d 746].)

██ Section 730 of the Welfare and Institutions Code authorizes the juvenile court to place a delinquent ward under the care, custody, and control of the probation officer by a camp placement order. (*In re Lance W.* (1985) 37 Cal.3d 873, 897, & fn. 20 [210 Cal.Rptr. 631, 694 P.2d 744].) "When a minor is adjudged a ward of the court on the ground that he or she is a person described by Section 602 [of the Welfare and Institutions Code], the court . . . may commit the minor to a juvenile . . . camp." (Welf. & Inst. Code, § 730, subd. (a).) "When a ward described in subdivision (a) is . . . committed to the care, custody, and control of the probation officer, the court may make any and all reasonable orders for the conduct of the ward. . . . The court may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (*Id.*, subd. (b).)

Welfare and Institutions Code section 730 does not expressly authorize the imposition of any minimum period of confinement in camp.[3] However, Welfare and Institutions Code section 730 has been broadly interpreted to authorize a juvenile court to order a juvenile confined to juvenile hall for a period of time as a condition of probation. (*In re Lance W., supra,* 37 Cal.3d at pp. 896–899; *In re Ricardo M.* (1975) 52 Cal.App.3d 744, 750–751 [125 Cal.Rptr. 291].) The purpose of such a confinement order is to impress upon the juvenile the seriousness of the misconduct, without the imposition of a more serious commitment. (*In re Ricardo M., supra,* 52 Cal.App.3d at p. 749.) The confinement order informs the juvenile that continued misconduct will lead to even more serious consequences and thus encourages rehabilitation. (*Ibid.*) In our view, a similar rationale supports an order for a minimum period of camp confinement.

---

review before it becomes moot. (*In re William M.* (1970) 3 Cal.3d 16, 23 [89 Cal.Rptr. 33, 473 P.2d 737].)

[3] Such minimum periods of camp confinement are not unusual. (See, e.g., *In re Jose Z.* (2004) 116 Cal.App.4th 953, 957 [10 Cal.Rptr.3d 842]; *In re Sheena K.* (2004) 116 Cal.App.4th 436, 438 [10 Cal.Rptr.3d 444].) However, they have apparently not been previously challenged in a published decision.

 A juvenile court does not lose direct supervision over a juvenile committed to the care, custody, and control of the probation officer by a camp placement. (See Welf. & Inst. Code, §§ 880, 881.)[4] The juvenile court's continuing authority to supervise a juvenile committed to camp is evidenced by its statutory authority to make reasonable conduct orders and impose reasonable conditions in connection with a camp placement order. (*Id.*, § 730, subd. (b).) In this respect, a camp placement order is to be distinguished from a commitment to the Youth Authority, which deprives the juvenile court of any authority to directly supervise the juvenile. (*In re Owen E.* (1979) 23 Cal.3d 398, 404–405 [154 Cal.Rptr. 204, 592 P.2d 720]; *In re Arthur N.* (1976) 16 Cal.3d 226, 237–238 [127 Cal.Rptr. 641, 545 P.2d 1345]; *In re Allen N.* (2000) 84 Cal.App.4th 513, 515–516 [100 Cal.Rptr.2d 902].)

 Based on the foregoing, we conclude that the juvenile court did not exceed its authority when it ordered a minimum period of confinement as part of its camp placement order.

## DISPOSITION

The orders are affirmed.

Turner, P. J., and Mosk, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 14, 2004.

---

[4] We note that the juvenile probation officer in a county is appointed and may be removed by the presiding judge of the juvenile court. (Welf. & Inst. Code, § 270.)