Filed 3/15/13  In re S.T. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re S.T., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>S.T.,<br><br>        Defendant and Appellant. | A135969<br><br>(Sonoma County<br>Super. Ct. No. 36663J) |

S.T. (Minor) appeals a dispositional order committing him to juvenile hall. (Welf. & Inst. Code,[1] § 602.)  We shall modify the order to remove a reference to "any other penal institution," and to award Minor predisposition custody credits.  As so modified, we shall affirm the order.

## I.  BACKGROUND

Minor was originally declared a ward of the court after a petition was filed pursuant to section 602 in September 2010, when he was 15 years old, alleging he had defaced property with graffiti (Pen. Code, § 594, subd. (a)), associated with a criminal street gang (Pen. Code, § 186.22), and possessed a billy club (Pen. Code, former § 12020, subd. (a)(1), now Pen. Code, § 22210).  Minor admitted the allegations of the petition.  Four additional petitions were filed over the next 13 months; the sustained allegations of

---

[1] All undesignated statutory references are to the Welfare and Institutions Code.

1

those petitions included stealing a case of beer (Pen. Code, § 484, subd. (a)), grand theft (Pen. Code, § 487, subd. (c)), and escaping from probation camp (§ 871, subd. (a)). Minor was placed on probation in the home of his parents in November 2010. It appears that in April 2011, after admitting the grand theft count, being reinstated on home probation, and violating his probation by testing positive for cocaine, Minor was placed in probation camp.[2] At the beginning of the time pertinent to the issues in this appeal, Minor was in juvenile hall after escaping from probation camp on October 15, 2011.

A sixth petition was filed on October 28, 2011, alleging Minor committed battery on another minor. (Pen. Code, § 242.) The incident had occurred in juvenile hall, as Minor awaited transfer back to probation camp. Minor admitted the allegation, and the juvenile court sustained the petition and retained him as a ward of the court.

At the dispositional hearing, the probation officer recommended that Minor be returned to probation camp, and the prosecutor argued that defendant had "had his chance" at probation camp and should not be returned there. The juvenile court imposed and suspended a term of 36 months and 20 days, and ordered Minor recommitted to probation camp. In doing so, the court noted that the probation camp had a "full house" and that many people wanted to be placed there, and told Minor: "What that means is that if you mess up, you don't obey the rules at camp, you get into another problem at the hall, it's going to be very clear to me . . . that the punishment that will be imposed is 36 months and 20 days plus any additional time you may get if you get another 602 petition. So you have no margin for error. Otherwise, you will spend until you turn 19 in the hall, and on your 19th birthday they'll send you to the county jail to serve out the rest of your time. So you can either try and make it at camp or spend your time locked up. That will be up to you. But the judge will know, whether it's me or somebody else, that that time has been hanging over your head; and, with it hanging over your head, you chose not to

_____

[2] The probation department had recommended that Minor be placed in the Vista Academy, which it described as "a highly structured community-based program . . . to give him one more chance at home before resorting to removal." The program refused to accept him because he had a reported history of "fire setting behavior."

2

follow the rules; so there will be only one punishment imposed, which is simply time.  So you're getting one last chance.  And it truly is a last opportunity to perform."  The court told Minor it had written on his file, "Last opportunity to perform outside of cell."

A seventh juvenile wardship petition was filed in May 2012, alleging Minor had carried a concealed dirk or dagger.  (Pen. Code, § 21310.)  Minor told the officer who arrested him that he was on a weekend pass from probation camp.  Minor admitted the allegation as a misdemeanor.  He told a probation officer he was carrying the knife to protect himself from Norteño gang members.  At disposition, the juvenile court noted that Minor had asked for "one final chance" at probation camp, and said, "[t]he problem, [Minor], is we gave you a final chance.  In fact, I showed you this back in November.  It said, " 'Last opportunity.' "  And we talked about what last opportunity means.  The final chance has come and gone.  [¶] I intend to impose 270 days to 1,006 days.  That's the statutory maximum.  If you do what you're supposed to do, shortly after your 18th birthday you'll  be released from custody and all proceedings will be dismissed."  The court retained Minor as a ward, vacated the commitment to probation camp, and ordered him to serve, "in addition to the time that he has previously served, 270 to 1,006 days in juvenile hall or any other penal institution."

## II.  DISCUSSION

### A.  Commitment to Juvenile Hall

Minor contends the juvenile court abused its discretion in committing him to juvenile hall for 270 to 1,006 days.  He argues juvenile hall is appropriate only for short-term placement, and that a long period of confinement in juvenile hall is not authorized by the juvenile law.

Section 202, subdivision (a), provides that the purpose of the juvenile court law is "to provide for the protection and safety of the public and each minor under the jurisdiction of the juvenile court and to preserve and strengthen the minor's family ties whenever possible, removing the minor from the custody of his or her parents only when necessary for his or her welfare or for the safety and protection of the public."  For purposes of the juvenile court law, " 'punishment' means the imposition of sanctions.  It

does not include retribution . . . ." (§ 202, subd. (e).) Permissible sanctions include payment of a fine, rendering of compulsory service, "[l]imitations on the minor's liberty imposed as a condition of probation or parole," *"[c]ommitment of the minor to a local detention or treatment facility, such as a juvenile hall*, camp, or ranch," and "[c]ommitment of the minor to the Division of Juvenile Facilities, Department of Corrections and Rehabilitation." (§ 202, subd. (e)(1)-(5), italics added.)[3] Our Supreme Court has stated that "[t]he statutory scheme governing juvenile delinquency is designed to give the court 'maximum flexibility to craft suitable orders aimed at rehabilitating the particular ward before it.' [Citation.] Flexibility is the hallmark of juvenile court law, . . . [and] the juvenile court has long enjoyed great discretion in the disposition of juvenile matters . . . ." (*In re Greg F.* (2012) 55 Cal.4th 393, 411.)

We see neither an abuse of that discretion nor an unauthorized disposition here. Minor continued to violate the law both after being placed on probation in his home and after being placed in probation camp. A community-based program had refused to accept him. He had been warned that he would be placed in juvenile hall if he did not perform satisfactorily at probation camp. As explained in *In re Ronny P.* (2004) 117 Cal.App.4th 1204, 1207, a juvenile court may "order a juvenile confined to juvenile hall for a period of time as a condition of probation. [Citations.] The purpose of such a confinement order is to impress upon the juvenile the seriousness of the misconduct, without the imposition of a more serious commitment. [Citation.] The confinement order informs the juvenile that continued misconduct will lead to even more serious consequences and thus encourages rehabilitation."[4] Bearing in mind the juvenile court's broad flexibility to craft orders aimed at rehabilitating a ward (*In re Greg F.*, *supra*, 55 Cal.4th at p. 411), the

---

[3] A minor may be committed to the Division of Juvenile Facilities only after committing specified offenses, none of which is applicable here. (§ 731, subd. (a)(4); § 707, subd. (b).)

[4] The appellate court in *In re Ronny P.* upheld an order confining a minor to a camp for a minimum period of 120 days, with a maximum term of confinement of four years, nine months. (*In re Ronny P.*, *supra*, 117 Cal.App.4th at p. 1206.)

juvenile court could properly order Minor to serve his term in juvenile hall in the circumstances of this case.

Minor argues, however, that juvenile hall is intended only for short-term housing, not for lengthy post-disposition confinement. He points out that under the governing statutes, each county is required to have a juvenile hall, which is described as "a suitable house or place for the detention of wards and dependent children of the juvenile court and of persons alleged to come within the jurisdiction of the juvenile court," (§ 850) and that a juvenile hall "shall not be deemed to be, nor be treated as, a penal institution. It shall be a safe and supportive homelike environment." (§ 851.) Moreover, Minor points to a regulation that provides: " 'Juvenile hall' means a county facility designed for the reception and temporary care of minors detained in accordance with the provisions of this subchapter and the juvenile court law." (Cal. Code Regs., tit. 15, § 1302.) These authorities, Minor argues, show that juvenile hall is not appropriate for detention of minors after disposition. Minor also agues that *In re Ricardo M*. (1975) 52 Cal.App.3d 744, which upheld a requirement that a minor spend between five and 20 days in juvenile hall as a condition of probation, shows that the juvenile court may order only brief commitments to juvenile hall. None of these authorities persuades us that a juvenile court does not have discretion to order a longer juvenile hall commitment, or that such an order was improper here.

Nor do we find *In re Trevor W.* (2001) 88 Cal.App.4th 833, 836-839 apposite. The appellate court there considered whether the juvenile court had authority to order a juvenile hall commitment of 210 days for a minor whom it had placed on probation *without* adjudging him a ward of the court. (*Id*. at p. 835.) Relying on section 725, subdivision (a), which authorizes a juvenile court to place a minor on probation for no more than six months without adjudging the minor a ward, the court concluded that the probation condition was unauthorized. First, the court explained, continuous detention deprived the parents of physical custody, and such a deprivation was improper unless the minor had been adjudged a ward. (*Trevor W.*, *supra*, at p. 838.) Second, even assuming juvenile hall time was proper where a minor had not been adjudged a ward, the 210-day

5

term exceeded the six-month period of probation authorized for such minors. (*Id*. at p. 839.)  Here, of course, Minor *has* been adjudged a ward.

Minor also contends the order was inappropriately punitive and contravened the rehabilitative purposes of the juvenile justice system.  We disagree.  As noted in *In re Ricardo M.*, a juvenile hall commitment may "seek[] to avoid the unkind leniency which all too often leads the juvenile to further and more aggravated violations of law . . . ."  (*In re Ricardo M.*, *supra*, 52 Cal.App.3d at p. 749.)  The juvenile court could reasonably conclude the order would further Minor's rehabilitation by impressing upon him the seriousness of his repeated violations of the law.  (See *In re Ronny P.*, *supra*, 117 Cal.App.4th at p. 1207.)[5]

In his reply brief, Minor also argues he was denied equal protection because the juvenile court's order did not provide for periodic reviews.  " 'Points raised for the first time in a reply brief will not be considered.' "  (*Moran v. Endres* (2006) 135 Cal.App.4th 952, 956.)

B.  Commitment to "any other penal institution"

The juvenile court ordered Minor committed to "juvenile hall or any other penal institution."  Minor contends the juvenile court lacked authority to commit him to a " 'penal institution.' "  As Minor points out, the juvenile law limits the commitment alternatives available to the juvenile court, and the court lacks authority to commit a juvenile to an adult facility.  (*In re Jose H.* (2000) 77 Cal.App.4th 1090, 1098-1099; *In re Ramon M.* (2009) 178 Cal.App.4th 665, 674.)  The court's authority to make custodial dispositions is limited to the dispositions enumerated in section 202.  (*In re Ramon* at p. 274.)  Those dispositions include commitment to a local detention or treatment facility, such as a juvenile hall, camp, or ranch, and commitment to the Division of Juvenile

---

[5] In an apparent effort to persuade us that the juvenile court judge who issued the challenged ruling is prone to error, Minor refers to unpublished and pending appeals. Such references are, of course, improper, and we have disregarded them. (Cal. Rules of Court, rule 8.1115(a).)

Facilities; they do not include "other penal institution[s]."[6] (§ 202, subd. (e)(4) & (5).) Respondent concedes this point. We agree, and shall order the reference to "any other penal institution" stricken.

## C. Credits Prior to Dispositional Hearing

Minor contends the juvenile court failed to calculate and award credit for the 47 days he spent in juvenile hall before disposition. "[A] minor is entitled to credit against his or her maximum term of confinement for the time spent in custody before the disposition hearing. [Citations.] It is the juvenile court's duty to calculate the number of days earned, and the court may not delegate that duty. [Citations.]" (*In re Emilio C.* (2004) 116 Cal.App.4th 1058, 1067.)

At disposition, the juvenile court ordered, "[Minor] will serve, in addition to the time he has previously served, 270 to 1,066 days in juvenile hall or any other penal institution." The court did not mention credit for the time Minor served while awaiting the disposition hearing. Respondent argues that Minor was in fact awarded credit for this time. As evidence, the respondent points to the Probation Officer's report, which stated that Minor's credits in the "[i]nstant [m]atter" were 47 days, and an attached "worksheet for determining maximum term of confinement," which includes 47 days credit for time served between the filing of the seventh petition and the June 27, 2012 dispositional hearing.

Despite these references in the probation report, we are not aware of any court order granting the credit. We shall therefore order the dispositional order modified to reflect 47 days credit for the time Minor spent in custody before the June 27, 2012 dispositional hearing.

## III. DISPOSITION

The order appealed from is ordered modified to strike the reference to "any other penal institution," and to award Minor 47 days of predisposition custody credit. As so modified, the order is affirmed.

---

[6] As Minor points out, however, if he is still in custody when he turns 19, he may be required to spend the rest of his term in county jail. (§ 208.5, subd. (a).)

_____
RIVERA, J.

We concur:


_____
RUVOLO, P. J.


_____
HUMES, J.