Filed 6/3/13  In re T.B. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re T.B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | F065456 |
| Plaintiff and Respondent, | (Super. Ct. No. 08CEJ601014-1) |
| v. | |
| T.B., | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Rosendo Peña, Jr., Judge.

Maureen M. Bodo, under appointment by the Court of Appeal, for Defendant and Appellant.

---

[*]       Before Cornell, Acting P.J., Kane, J. and Detjen, J.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Appellant and former minor, T.B., appeals from a juvenile court order modifying the dispositional order in his Welfare and Institutions Code section 602 proceeding. (All further statutory references are to this code unless otherwise specified.) Appellant contends the order directing that he be housed at the Division of Juvenile Facilities (DJF) pursuant to section 1752.16 was beyond the juvenile court's statutory power, deprived him of various constitutional rights, and included impermissible conditions of probation. We affirm.

## FACTS AND PROCEDURAL HISTORY

In 2007, when appellant was 13 years old, he pushed a woman into her car, lifted her shirt and groped her breast. As appellant attempted to pull down his pants, the woman escaped. After appellant turned 14, he assaulted a motel maid while she was cleaning a room, pushed her onto the bed, held a gun to her head, lifted her shirt and groped her breast. Appellant lowered his pants and tried to force the woman to orally copulate him. The woman was able to escape. Appellant admitted two counts of a section 602 petition, sexual battery by restraint (count 2, Pen. Code, § 243.4, subd. (a)) and assault with intent to commit rape (count 4, Pen. Code, § 220); other counts were dismissed. The juvenile court determined the maximum period of confinement was seven years. It committed appellant to DJF on January 22, 2009. Neither offense admitted by appellant is listed in section 707, subdivision (b); assault with intent to commit rape is listed in Penal Code section 290.008, subdivision (c)(1).[1]

---

[1] At the time of appellant's offense, section 731, subdivision (a)(4) provided that a minor adjudged a ward pursuant to section 602 could be committed to DJF only if the appellant had committed an offense described in section 707, subdivision (b). (See Stats.

2.

In December 2011, the Supreme Court held, in *In re C.H.* (2011) 53 Cal.4th 94, that a juvenile court may only commit a ward to DJF "if the ward … committed an offense listed in section 707[, subdivision] (b) and then only if the ward's most recent offense alleged in any petition and admitted or found to be true by the juvenile court is either an offense enumerated under section 707[, subdivision] (b) or a sex offense described in Penal Code section 290.008[, subdivision] (c)." (*Id.* at p. 108.) In February 2012, section 1752.16 was enacted as urgency legislation "to address the California Supreme Court's ruling in In re C.H. (2011) 53 Cal.4th 94." (§ 1752.16, subd. (b); see Stats. 2012, ch. 7, § 3.) Section 1752.16, subdivision (a), provides that DJF "may enter into contracts with any county of this state for [DJF] to furnish housing to a ward who was in the custody" of DJF on the date *In re C.H.* was decided (Dec. 12, 2011) and who was committed to DJF for the commission of an offense listed in Penal Code section 290.008, subdivision (c), but who had not committed an offense listed in section 707, subdivision (b). Appellant is such a person.

On June 27, 2012, the juvenile court recalled appellant's commitment to DJF and set the matter for a further dispositional hearing. At that hearing, on July 18, 2012, the juvenile court admitted appellant, by then 18 years old, to probation. The court ordered, as a condition of probation, that appellant be housed at DJF and complete the sexual offender treatment program there. The juvenile court imposed other conditions of probation, including a requirement that appellant "attend psychological, substance abuse assessment counseling or treatment as ordered by the probation officer." The court ordered that jurisdiction over appellant end on his 21st birthday, in 2015.

---

2007, ch. 175, § 19.) Penal Code section 290.008, subdivision (a) requires that any person who is discharged after he or she has been committed to DJF based on a section 602 petition alleging any of the offenses listed in Penal Code section 290.008, subdivision (c), shall register as a sex offender.

## DISCUSSION

Appellant contends the requirement that he be housed at DJF and complete their sexual offender treatment program violates the prohibition of *In re C.H., supra,* 53 Cal.4th at pages 97 through 98, limiting DJF commitments to only those wards who have committed a section 707, subdivision (b), offense. Appellant contends the juvenile court's order is merely a procedural subterfuge that attempts to mask an unauthorized order for commitment of appellant to DJF. We disagree. The juvenile court's housing order differs from a commitment to DJF in two fundamental ways. First, a ward committed to DJF who has committed any of the sex crimes listed in Penal Code section 290.008, subdivision (c), is required to register as a sex offender pursuant to Penal Code section 290, subdivision (b). (See *id.*, § 290.008, subd. (a).) There is no similar requirement for wards placed on probation for the same sexual offense. (See *In re Crockett* (2008) 159 Cal.App.4th 751, 760; see also *In re Bernardino S.* (1992) 4 Cal.App.4th 613, 619-620 [discussing former Pen. Code, § 290, subd. (d)].) Second, after a ward is committed to DJF, the decision to release the ward from custody resides with the Juvenile Parole Board, not with the juvenile court. (§§ 1766, 1769; see *In re Allen N.* (2000) 84 Cal.App.4th 513, 515-516.) By contrast, in this case, the requirement for completion of the sexual offender program is merely one condition of probation, with control of custody and probation remaining with the juvenile court. These two factors demonstrate that the order in this case is not merely a semantically different authorization of the same punishment declared impermissible in *In re C.H.*

Appellant next contends that section 1752.16 authorized DJF to house wards, but it did not, by its terms, authorize juvenile courts to place wards at DJF. In other words, appellant contends, the statute did not create new dispositional alternatives for the juvenile court. Again we disagree. The juvenile court is authorized by existing law to

4.

utilize the new treatment resource created by section 1752.16 and direct the probation officer to seek placement of appellant in the DJF sexual offender program.[2] Section 202, subdivision (e)(4), authorizes the juvenile court to commit a ward to juvenile hall. As with all dispositional orders on section 602 petitions, wards "shall, in conformity with the interests of public safety and protection, receive care, treatment, and guidance that is consistent with their best interest, that holds them accountable for their behavior, and that is appropriate for their circumstances." (§ 202, subd. (b).) "If a minor is adjudged a ward of the court on the ground that he or she is a person described by Section 601 or 602, the court may make any reasonable orders for the care, supervision, custody, conduct, maintenance, and support of the minor, including medical treatment …." (§ 727, subd. (a)(1).) Section 731, subdivision (a)(3), permits the juvenile court to order a ward to "participate in a program of professional counseling as arranged and directed by the probation officer as a condition of continued custody of the ward." The sexual offender program offered by DJF pursuant to section 1752.16 is merely another treatment alternative available to counties, and an order that a ward receive treatment through such a program is fully authorized by sections 202, 727, and 731.

Appellant contends section 1752.16 violates state and federal equal protection concepts because it leaves with each county of the state the discretion to enter into a contract with DJF. Appellant cites no legal authority on point, and we are aware of no authority requiring uniformity of county rehabilitation resources. The juvenile court in each county considers all available resources in making the dispositional order in any

---

**2** Appellant contends there is no evidence that a contract exists between Fresno County and DJF for housing participants in the sexual offender program. While the existence of such a contract was implicitly assumed by all the participants in the lower court proceedings, if that assumption is erroneous, the matter can be addressed in further proceedings for modification of the terms of probation. The existence of the contractual relationship between the county and the state does not affect the authority of the juvenile court to impose sexual offender treatment as a condition of probation.

particular case.  (See, e.g., § 730, subd. (a).)  A county with a local sexual offender program at its juvenile facility might be less likely to enter into a section 1752.16 contract with DJF, just as a juvenile court in such a county might exercise its discretion differently than would a juvenile court with no such local resources.  Individual exercises of discretion by prosecutors and judges do not provide a basis for an equal protection challenge unless the discretion involves "invidious discrimination" or "vindictive or retaliatory" reasoning.  (*Manduley v. Superior Court* (2002) 27 Cal.4th 537, 569-571 [prosecutor's charging discretion under § 707, subd. (d)].)  The Legislature's decision to provide an additional rehabilitation alternative to those counties in need of such a program does not violate the equal protection rights of persons in the counties that accept such an offer.

Appellant contends the juvenile court's order for housing at DJF for sexual offender treatment is unconstitutionally vague because it leaves uncertain what power over appellant is allocated to DJF and what is retained by the court.  Appellant asks, "Does appellant, who is in a sex offender treatment program, have any remedy if DJF institutes new rules subjecting all 'housed' wards to a new sex offender treatment program which must be started anew, even if they have already partially completed a previous program?"  Appellant has not suggested any possible motivation DJF might have for such a waste of resources, and the juvenile court explicitly ordered appellant be "allowed to continue [in] the stage [of the program] that he had previously achieved."  More generally, it is clear that the statutory scheme retains in the juvenile court supervision and control over a ward.  That supervision and control is not altered by the ward's participation in the DJF sexual offender program.  Unquestionably, a ward placed in a group home, a residential treatment program, or juvenile hall (or an older ward housed in the county jail under § 208.5) is answerable on a daily basis to those who operate the program, but that does not change the ultimate responsibility of the juvenile court for the ward's supervision and control.  (See § 727, subd. (a).)  Similarly, when a

6.

ward is placed on probation and housed at DJF pursuant to section 1752.16, the juvenile court retains ultimate responsibility for supervision and control. The responsibility of a service provider, in this case DJF, for the day-to-day operation of the program for wards, with ultimate supervision and control in the juvenile court, is not unprecedented; it is, as stated, the same as a myriad of placements of wards under the Welfare and Institutions Code. The supervisory relationship is authorized by sections 727, subdivision (a) and 1752.16, and that relationship does not result in an unconstitutionally vague order.[3]

Appellant contends an order for housing under section 1752.16 violates prohibitions on ex post facto laws contained in the federal and state Constitutions. (See U.S. Const., art. I, § 10; Cal. Const., art. I, § 9.)[4] This contention is without merit.

"[N]o statute falls within the ex post facto prohibition unless 'two critical elements' exist." (*John L. v. Superior Court, supra,* 33 Cal.4th at p. 172.) "First, the law must be retroactive." (*Ibid.*) Section 1752.16 is applicable to appellant solely because he was, prior to the effective date of that section, the subject of a section 602 petition charging a crime listed in Penal Code section 290.008, subdivision (c), and was serving a commitment to DJF on the date *In re C.H., supra,* 53 Cal.4th 94 was decided. Accordingly, the first requirement for a prohibited ex post facto law has been met.

---

**3** Appellant's reliance on *In re Angela M.* (2003) 111 Cal.App.4th 1392, 1399, footnote 8, and *In re Allen N., supra,* 84 Cal.App.4th 513, is misplaced. In those cases, the ward was committed to the Youth Authority, the predecessor of DJF. Then, as now, the state authorities determined when wards committed by the juvenile court would be released, and on what terms of parole. Accordingly, the juvenile court's attempt to impose postrelease terms of probation on a ward who had been committed to the Youth Authority was an impermissible intrusion into the statutory authority vested in the Youth Authority. In the present case, the lack of jurisdiction in DJF to impose postrelease conditions on appellant is, as we have noted earlier, a key feature of the system established by section 1752.16; under that system, postrelease supervision of the ward continues to be vested in the juvenile court.

**4** The state and federal ex post facto laws have the same meaning. (*John L. v. Superior Court* (2004) 33 Cal.4th 158, 171-172.)

7.

The second requirement for a prohibited ex post facto law is that the law must have one or more of the following four effects: to make criminal acts that were innocent when done; to make the crime greater or more aggravated than it was when committed; to inflict a greater punishment for the crime than was available when the crime was committed; or to alter the rules of evidence or the required proof for conviction. (*John L., supra,* 33 Cal.4th at p. 172 & fn. 3.)

Appellant contends section 1752.16 violates the third of these prohibitions; that is, he contends section 1752.16 increases the punishment that could have been imposed upon him at the time he committed his section 602 offense. Both before and after the enactment of section 1752.16, a ward could be confined in a variety of juvenile institutions run by the county (§ 730, subd. (a)) and could be ordered to "participate in a program of professional counseling as arranged and directed by the probation officer as a condition of continued custody of the ward." (§ 731, subd. (a)(3).) The mere fact that the state created an additional resource to provide sexual offender treatment, and that this resource was in a different location than the existing local programs, does not constitute an increase in the punishment authorized for purposes of the ex post facto clauses. (See *People v. Cruz* (2012) 207 Cal.App.4th 664, 672, fn. 8 [serving sentence locally is not lesser punishment than serving same length sentence in state prison for ex post facto purposes].)

In addition, for wards of appellant's age, section 208.5, both before and after the enactment of section 1752.16, permitted a ward who is committed to juvenile hall to be housed in the county jail. (See *In re Ramon M.* (2009) 178 Cal.App.4th 665, 673.) It cannot realistically be argued that housing at DJF for the limited purpose of successful completion of the sexual offender program is a greater punishment than a fixed term of commitment to juvenile hall, with housing at the county jail, where the ward has no ability to effectuate his release through completion of a counseling program. Because it

does not authorize punishment of a type or duration greater than permitted before its enactment, section 1752.16 is not a prohibited ex post facto law.

## DISPOSITION

The dispositional order is affirmed.