Filed 8/8/14  In re E.N. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re E.N., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>E.N.,<br><br>        Defendant and Appellant. | A140615<br><br>(Contra Costa County<br>Super. Ct. No. J10-00944) |

Defendant E.N., a minor, appeals from convictions of two counts of second degree robbery and one count of assault with a deadly weapon.  Both robbery counts were enhanced by findings that the minor personally used a gun during the commission of the crimes.  The court committed defendant to the Division of Juvenile Justice (DJJ).  Defendant raises only one issue on appeal, arguing the court erred by imposing conditions of probation.  The Attorney General agrees, as do we, that the court lacked authority to impose conditions of probation.  We, therefore, modify the dispositional order to strike probation conditions that would apply to defendant's commitment to DJJ and the period following his release.  The judgment, as modified, is affirmed.

**STATEMENT OF THE CASE**

On July 5, 2013, the Contra Costa County District Attorney filed a supplemental wardship petition (Wel. & Inst. Code § 602, subd. (a)) alleging that defendant, age 17,

1

committed two counts of second degree robbery (Pen. Code,[1] §§ 211/212.5, subd. (c), counts one and two) and one count of assault with a deadly weapon (§ 245, subd. (a)(1), count three). Counts one and two were enhanced with allegations that defendant personally used a firearm during the robbery. (§ 12022.53, subd. (b).) Count one was also enhanced with the allegation that defendant inflicted great bodily injury during the robbery (§ 12022.7, subd. (a)).

The petition alleged three prior sustained offenses that could be used to increase the total commitment time: a misdemeanor vandalism (§ 594, subd. (b)(1)), a felony possession of marijuana for sale (Health & Safety Code § 11359),[2] and a petty theft infraction (§ 490.1).[3]

On September 3, 2013, following a contested jurisdictional hearing, the court sustained all three counts of the petition, as well as the gun use enhancements. The court found that the great bodily injury allegation was not true.

On December 3, 2013, the court committed defendant to DJJ. The court set the maximum term of confinement at 15 years. The court awarded 387 days credit for time served, and ordered that "[t]he standard terms and conditions of probation will apply."

Defendant filed a timely notice of appeal on December 18, 2013.

## STATEMENT OF THE FACTS

Defendant's sole claim on appeal is that the imposition of probation terms and conditions was an error and must be stricken. It is therefore unnecessary to recite a full statement of the facts.

On the night of June 18, 2013, J.H. and his girlfriend D.C., both 17 years old, were walking on Brentwood Boulevard. A vehicle pulled up and stopped. Three males exited the car, and walked towards J.H. and D.C. Defendant ran up to J.H., pulled out a gun, which he placed on J.H.'s forehead and said, "Give me your shit."

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The petition erroneously designated this offense as a misdemeanor.

[3] The petition erroneously designated this offense as a misdemeanor.

J.H. refused to comply and defendant said, "I'm going to kill you if you don't give me all your stuff." J.H. noticed the other two males touching his girlfriend so he turned to assist her. At that point, defendant hit J.H. on the back of the head with the gun, knocking him to the ground. The other two males started kicking J.H. and defendant hit him on the head with the gun. When J.H. got up he noticed that his head was bleeding, and the phone that had previously been in his pocket was gone.

J.H. saw a police officer, told him that he had been robbed, and provided a description of the man with the gun. J.H. received four staples to close the laceration on his head.

Two days later, J.H. and D.C. went to the Target in Antioch where they saw a young man whom they identified as the robber. They called the police, but defendant was gone when the police arrived. J.H. and D.C. were shown some still photos of the young man taken from Target surveillance cameras. They identified defendant as the person who robbed them.

At the conclusion of the contested jurisdiction hearing, the court committed defendant to DJJ, ordered that "[t]he standard terms and conditions of probation will apply," and further specified probation terms and conditions that would apply while defendant was at DJJ and upon release from DJJ.

## DISCUSSION

The sole issue raised by defendant is whether the court erred when it imposed probation terms and conditions. We conclude that the court lacked authority to impose such conditions. The juvenile court loses the authority to impose conditions of probation once it commits a ward to DJJ. (*In re Edward C.* (2014) 223 Cal.App.4th 813, 829; *In re Ronny P.* (2004) 117 Cal.App.4th 1204, 1208; *In re Allen N.* (2000) 84 Cal.App.4th 513, 516.)

## DISPOSITION

The probation conditions imposed by the court in its dispositional order of December 3, 2013, committing defendant to DJJ, are stricken. As modified the judgment is affirmed.

_____
Becton, J.*

We concur:

_____
Margulies, Acting P.J.

_____
Banke, J.

* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.