Filed 7/8/15  In re S.M. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re S.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>S.M.,<br><br>        Defendant and Appellant. | A143919<br><br>(Sonoma County<br>Super. Ct. No. 26385J) |

Defendant S.M. challenges a juvenile court order declaring her a ward of the court based on the finding she committed assault.  She argues that the court did not have authority to impose probation conditions once it committed her to the Division of Juvenile Justice (DJJ) of the Department of Corrections and Rehabilitation.  The People concede that the probation conditions should not have been imposed.  We order them stricken but otherwise affirm.

I.

FACTUAL AND PROCEDURAL
BACKGROUND

In September 2014, when S.M. was 17 years old, she and a group of others attacked a school acquaintance in downtown Santa Rosa, punching and kicking the victim for several minutes before passersby intervened.  Later that month, the Sonoma

1

County District Attorney filed a petition under Welfare and Institutions Code section 602, subdivision (a) seeking to have S.M. declared a ward of the court. The petition alleged that S.M. had committed one count of assault by means of force likely to produce great bodily injury, a felony.[1]

After a contested jurisdictional hearing, the juvenile court sustained the assault allegation. At the dispositional hearing, the court declared S.M. to be a ward of the court and committed her to DJJ with a maximum confinement period of two years. The court also orally imposed various probation conditions.

## II.
### DISCUSSION

S.M. argues that the juvenile court erred by imposing probation conditions after committing her to DJJ. We accept the People's concession that the court lacked authority to do so. It is well-settled that "[c]ommitment to DJJ deprives the juvenile court of any authority to directly supervise the juvenile's rehabilitation," including by imposing probation conditions. (*In re Travis J.* (2013) 222 Cal.App.4th 187, 202; *In re Ronny P.* (2004) 117 Cal.App.4th 1204, 1208; *In re Allen N.* (2000) 84 Cal.App.4th 513, 515.) As a result, the probation conditions must be stricken from the court's order. (*In re Travis J.*, at p. 205.)

## III.
### DISPOSITION

The terms of probation imposed by the juvenile court are ordered stricken. As so modified, the judgment is affirmed.

---

[1] The count was alleged under Penal Code section 245, subdivision (a)(4).

_____

Humes, P. J.

We concur:

_____

Margulies, J.

_____

Banke, J.

*In re S.M.* (A143919)

3