Filed 9/30/16  In re J.V. CA1/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re J.V., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>J.V.,<br><br>       Defendant and Appellant. | A147702<br><br>(Contra Costa County<br>Super. Ct. No. J13-01070) |

The juvenile court committed appellant J.V. to the Division of Juvenile Facilities (DJF) and ordered him to have no contact with specified individuals, including the victim of the crime.[1]  On appeal, he contends the juvenile court lacked authority to issue the no-contact orders after it committed him to the DJF.  We shall strike the no-contact orders but otherwise affirm the jurisdictional and dispositional orders.

## BACKGROUND

Appellant was at Contra Costa County Juvenile Hall in October 2015 when he and two other juvenile hall residents assaulted another resident in a classroom.  In a second

---

[1]The court below referred to the authority to which the appellant was committed as the Division of Juvenile Justice, or DJJ, which oversees the DJF.  (*In re Jose T.* (2010) 191 Cal.App.4th 1142, 1145, fn. 1.)  The DJF was formerly known as the California Youth Authority (CYA).  (*Ibid.*)

1

supplemental juvenile wardship petition filed in November 2015, the district attorney alleged that appellant committed felony assault by means of force likely to produce great bodily injury. (Pen. Code, § 245, subd. (a)(4).) The district attorney further alleged the offense was committed for the benefit of a criminal street gang. (Pen. Code, § 186.22, subd. (b)(1).)

Appellant entered a no contest plea to the assault allegation. In exchange for his plea, the court dismissed the gang enhancement allegation at the prosecutor's request. At the dispositional hearing, the juvenile court continued appellant as a ward of the court and committed him to the DJF for a maximum term of five years four months, less credit for time served. The court also ordered appellant not to have any contact with the victim of the assault or the two "co-responsibles" who participated in the assault with appellant.

## DISCUSSION

Appellant's sole contention on appeal is that the court lacked authority to impose the no-contact orders after committing him to DJF. The Attorney General concedes the error and joins in appellant's request to strike the orders. The concession is well taken.

It is well established that a juvenile court loses authority to impose conditions of probation once it commits a ward to DJF. (*In re Edward C.* (2014) 223 Cal.App.4th 813, 829; *In re Travis J.* (2013) 222 Cal.App.4th 187, 202; *In re Antoine D.* (2006) 137 Cal.App.4th 1314, 1324–1325.) While the court did not characterize the no-contact orders as probation conditions, the orders have the same effect as probation conditions and must be stricken because they "constitute[s] an attempt to regulate or supervise the minor's rehabilitation, a function solely in the hands of [DJF] after the minor's commitment." (*In re Allen N.* (2000) 84 Cal.App.4th 513, 516.)

## DISPOSITION

The orders directing appellant not to have any contact with the victim or the minors who shared responsibility for the assault are stricken. In all other respects, the jurisdictional and dispositional orders are affirmed.

_____
McGuiness, P.J.

We concur:


_____
Pollak, J.


_____
Siggins, J.