Filed 4/26/22  In re Danny L. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re DANNY L., a Person Coming Under the Juvenile Court Law. | |
| | D079226 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. JCM242879) |
| v. | |
| DANNY L., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Richard R. Monroy, Judge.  Affirmed as modified with directions.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Laura Baggett, Deputy Attorneys General, for Plaintiff and Respondent.

In this juvenile delinquency proceeding, Danny L. (the Minor) stipulates to commitment to the Department of Juvenile Justice (DJJ). The juvenile court imposed a number of conditions of probation pending the Minor's actual commitment to DJJ. The commitment has taken place. The Minor contends the juvenile court does not have jurisdiction to impose probation conditions on a minor who has been committed to DJJ. The Attorney General correctly concedes the court lacks jurisdiction to impose the conditions under the circumstances of this case. The parties agree the conditions must be stricken. We also agree.

The Minor admitted one count of gross vehicular manslaughter (Pen. Code, § 191.5, subd.(a)) and one count of driving under the influence of alcohol causing injury (Veh. Code, § 23558, subd. (a)).

At the disposition hearing, the court declared the Minor to be a ward of the court and committed the Minor to DJJ for a term of eight years four months. The court also imposed the now challenged probation conditions.

STATEMENT OF FACTS.

The facts surrounding the Minor's admissions are well summarized in the respondent's brief. We will incorporate the summary here.

During his admission to counts seven and eleven, the Minor admitted the factual basis for his plea. As to count eleven, the parties stipulated that, "On or about January 18[ ], [the Minor] intentionally committed an act of driving a motor vehicle while under the influence of alcohol that caused the death of another person, [D.C.], with the natural consequence of driving a motor vehicle while under the influence of alcohol being dangerous to human life. ¶ At the time [the Minor] committed this act, [the Minor] knew this act was dangerous to human life and he deliberately acted with conscious disregard . . . [¶] . . . [¶] to that nature."

As to count seven, the Minor admitted that, "[o]n or about January 18[ ], 2020, [the Minor] did unlawfully kill [G.B.], a human being, without malice aforethought in the driving of a vehicle in violation of Vehicle Code section[s] 23140 and 23152 and 23153 and the killing was the proximate result of the commission of an unlawful act which might produce death in an unlawful manner and with most negligence in violation of Penal Code section 191.5 paren (a), a felony.  ¶  . . . [the Minor], while driving a motor vehicle in the commission of the above offense, proximately caused body injury or death to more than one victim, to a [S.T.], [J.C.] and [D.C.] within the Vehicle Code section 23558."

## DISCUSSION

A juvenile court lacks jurisdiction to impose probation conditions on a minor who is committed to DJJ.  (*In re Allen N.* (2000) 84 Cal.App.4th 513, 516; *In re Travis J.* (2013) 222 Cal.App.4th 187, 202.)

Here, the court imposed various conditions pending commitment to DJJ.  The parties agree that once a minor is committed to DJJ, the juvenile court no longer has jurisdiction to impose further conditions on such minor. The proper remedy is to strike the probation conditions.

3

DISPOSITION

The juvenile court is directed to strike the probation conditions that were imposed on the Minor at the disposition hearing.  In all other respects, the disposition order is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


DATO, J.