Filed 4/29/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re ROBERT M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROBERT M.,<br><br>    Defendant and Appellant. | F064841<br><br>(Super. Ct. No. 512000)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Stanislaus County.  Susan D. Siefkin, Judge.

John K. Cotter, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Tiffany J. Gates, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Appellant and minor, Robert M., appeals from the juvenile court's order modifying the dispositional order in his Welfare and Institutions Code section 602 proceeding.[1]  Minor contends the order directing that he be housed at the Division of Juvenile Facilities (DJF) pursuant to section 1752.16 is unconstitutional in various respects, violates the Supreme Court's mandate in *In re C.H.* (2011) 53 Cal.4th 94, and is an abuse of the juvenile court's discretion.  We disagree and affirm.

## HISTORY

On January 25, 2010, approximately one month after his 17th birthday, minor disrobed his three-year-old sister and placed his finger in her vagina.  Minor entered a no-contest admission to a section 602 petition that alleged one count of violation of Penal Code section 288, subdivision (a) (lewd or lascivious act on a child under 14), and one count of violation of Penal Code section 289, subdivision (j) (sexual penetration of a child under 14 and more than 10 years younger than the perpetrator).  At the dispositional hearing on April 13, 2010, the juvenile court declared minor a ward of the court and committed him to DJF, with a maximum commitment of 96 months.  This court affirmed the commitment order on appeal.  (*In re Robert M.* (Jan. 28, 2011, F060094).)  The Supreme Court granted review.

In December 2011, the Supreme Court held, in *In re C.H., supra,* 53 Cal.4th 94, that a juvenile court may only commit a ward to DJF "if the ward … committed an offense listed in section 707[, subdivision] (b) and then only if the ward's most recent offense alleged in any petition and admitted or found to be true by the juvenile court is either an offense enumerated under section 707[, subdivision] (b) or a sex offense

---

**1**     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

described in Penal Code section 290.008[, subdivision] (c)." (*Id.* at p. 108.)[2]

In February 2012, the Supreme Court transferred minor's case to this court with directions to reconsider the cause in light of the decision in *In re C.H., supra,* 53 Cal.4th 94. On remand, this court reversed the juvenile court's order committing minor to DJF and remanded the matter to the juvenile court for further proceedings. (*In re Robert M.* (Mar. 23, 2012, F060094).)[3]

In June 2012, section 1752.16 was enacted as urgency legislation "to address the California Supreme Court's ruling in In re C.H. (2011) 53 Cal.4th 94." (*Id.*, subd. (b).) Section 1752.16, subdivision (a), provides that DJF "may enter into contracts with any county of this state for [DJF] to furnish housing to a ward who was in the custody" of DJF on the date *In re C.H.* was decided (Dec. 12, 2011) and who was committed to DJF for the commission of an offense listed in Penal Code section 290.008, subdivision (c),

---

[2]    Section 707, subdivision (b), lists 30 serious and violent crimes which, when committed by a minor 14 years of age or older, permit proceedings to determine whether the minor should be tried as an adult for the offense. (Other related provisions require prosecution as an adult in some circumstances not relevant to the present case. (See *In re Eddie M.* (2003) 31 Cal.4th 480, 487, fn. 3.)) Section 707, subdivision (b), serves an additional purpose, however: section 731, subdivision (a)(4), at the time of minor's offense, provided that a minor adjudged a ward pursuant to section 602 could be committed to DJF only if the minor had committed an offense described in section 707, subdivision (b). While forcible lewd or lascivious conduct, described in Penal Code section 288, subdivision (b), is listed in section 707, subdivision (b), nonforcible lewd or lascivious conduct, proscribed by Penal Code section 288, subdivision (a), is not. (See *In re C.H., supra,* 53 Cal.4th at p. 99, fn. 3.) Nor are nonforcible Penal Code section 289 offenses listed in section 707, subdivision (b).

Penal Code section 290.008, subdivision (c), contains a different listing of crimes. Subdivision (a) of that statute requires that any person who is discharged after he or she has been committed to DJF based on a section 602 petition alleging any of the offenses listed in Penal Code section 290.008, subdivision (c), shall register as a sex offender. All violations of Penal Code section 288 are included in the Penal Code section 290.008, subdivision (c) list, as are all violations of Penal Code section 289.

[3]    We grant minor's request that we take judicial notice of the record in F060094.

but who had not committed an offense listed in section 707, subdivision (b).  After continuances in the juvenile court to permit further filings concerning appropriate modifications of the dispositional order, on May 4, 2012, the juvenile court entered an amended dispositional order committing minor "to Juvenile Hall of Stanislaus County until he reaches the age of 21 with housing at the Division of Juvenile Facilities" pursuant to section 1752.16.  The juvenile court also stated:  "[Minor] is to complete sex offender counseling at the Division of Juvenile Facilities in which he was previously enrolled and participating.  And upon completion of that sex offender counseling, he is to be returned to the Stanislaus County Juvenile Court for possible modification of his sentence."

## DISCUSSION

Minor agrees he is a person described in section 1752.16, but contends, first, that section 1752.16 and the order for housing entered in this case are merely "a transparent procedural subterfuge" to avoid the holding of *In re C.H., supra,* 53 Cal.4th 94, and, as such, the statute and the order "threaten[] to demean the integrity of the entire judicial process."  We disagree.  A commitment to DJF and a commitment to juvenile hall with housing at DJF are distinctly different orders with different results.  First, a ward committed to DJF who has committed any of the wide variety of sex crimes listed in Penal Code section 290.008, subdivision (c), is required to register as a sex offender pursuant to Penal Code section 290, subdivision (b).  (See *id.*, § 290.008, subd. (a).)  There is no similar requirement for wards committed to juvenile hall for the same sexual offenses.  (See *In re Crockett* (2008) 159 Cal.App.4th 751, 760 [Court accepted respondent's concession that "'[j]uveniles adjudicated in California must register for a list of more serious sex offenses, and petitioner's offenses are among those requiring registration in California….  However, registration for one of the listed offenses is required only if the juvenile was also incarcerated at the California Youth Authority, now the Division of Juvenile Justice … (DJJ).'"]; see also *In re Bernardino S.* (1992) 4

4.

Cal.App.4th 613, 619-620 [former Pen. Code, § 290, subd. (d)].) Second, after a ward is committed to DJF, the decision to release the ward from custody resides with the Juvenile Parole Board, not with the juvenile court that made the commitment. (§§ 1766, 1769; see *In re Allen N.* (2000) 84 Cal.App.4th 513, 515-516.) By contrast—and as shown in the juvenile court's order from which this appeal is taken—the decision concerning release of the ward from custody remains with the juvenile court judge. These two factors demonstrate that such a housing order is not merely a semantically different authorization of the same punishment declared impermissible in *In re C.H.*[4]

Minor also contends a housing order pursuant to section 1752.16 violates the stare decisis concepts articulated in *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450. ("The decisions of this court are binding upon and must be followed by all the state courts of California." (*Id.* at p. 455.)) This argument misconstrues the holding of *In re C.H., supra,* 53 Cal.4th 94. That case did not hold that wards who committed Penal Code section 290.008, subdivision (c), crimes could not constitutionally be committed to DJF. *In re C.H.* simply held that the Legislature had not authorized such commitments under the statutes then existing. The Supreme Court expressly stated: "[T]he Legislature is free to reconsider the policy set out in the current statutes if it wishes to do so." (53 Cal.4th at p. 108.) It is clear that the Legislature has done so. For new offenses, Statutes 2012, chapter 7, section 1, amends section 731, subdivision (a) to expand the list of offenses for which a ward can be committed to DJF to include the offenses listed in Penal Code section 290.008, subdivision (c). For persons such as minor, section 3 of chapter 7 creates section 1752.16, specifically permitting the type of housing order employed in the present case. (See Stats. 2012, ch. 7, § 3.) In both instances there is now statutory

---

[4]    In this case, the juvenile court expressed its concern that a housing order under section 1752.16 might be used to justify incarceration of minor at DJF without providing the services of the sexual offender program. Accordingly, the order specifies that minor will be returned to county custody once he completes the sexual offender program.

authority for a DJF order.  It was placement at DJF without statutory authority that was prohibited in *In re C.H., supra,* 53 Cal.4th 94.  The new statute fully satisfies the requirements of *In re C.H.*, and actions taken under it do not violate the doctrine of *Auto Equity Sales, Inc. v. Superior Court, supra,* 57 Cal.2d 450.

Minor next contends the juvenile court lacks statutory authority to authorize housing at DJF because no such dispositional alternative is available under sections 202 and 727.  Section 202, subdivision (e)(4), authorizes the court to commit a ward to juvenile hall.  As with all dispositional orders on section 602 petitions, wards "shall, in conformity with the interests of public safety and protection, receive care, treatment, and guidance that is consistent with their best interest, that holds them accountable for their behavior, and that is appropriate for their circumstances."  (§ 202, subd. (b).)  "If a minor is adjudged a ward of the court on the ground that he or she is a person described by Section 601 or 602 the court may make any reasonable orders for the care, supervision, custody, conduct, maintenance, and support of the minor, including medical treatment …."  (§ 727, subd. (a).)  Section 731, subdivision (a)(3), permits the court to order a ward to "participate in a program of professional counseling as arranged and directed by the probation officer as a condition of continued custody of the ward."  The sexual offender program offered by DJF pursuant to section 1752.16 is merely another treatment alternative available to counties, and an order that a ward receive treatment through such a program is fully authorized by sections 202, 727, and 731.  The juvenile court had authority to direct that the probation officer seek placement of minor in the DJF sexual offender program.[5]

---

[5]     The written order in this case might be construed as ordering DJF to house minor during his commitment to juvenile hall.  However, the juvenile court did not order joinder of DJF as a party pursuant to section 727, former subdivision (a) (the statute was amended effective Jan. 1, 2013), and, as a result, had "no authority to order services" from the agency.  (*Ibid.*; see Stats. 2012, ch. 130, § 2.)  It is clear from the transcript of oral proceedings that the court, in essence, merely authorized the probation officer to

Minor contends that, to the extent the statutory scheme permits the juvenile court to order his participation in the DJF sexual offender program, it violates the equal protection guarantees of the federal and state Constitutions. (See U.S. Const., 14th amend.; Cal. Const., art. I, § 7.) He says section 1752.16, because it permits, but does not require, individual counties to contract with DJF for housing of participants in the sexual offender program, "violates equal protection because similarly situated wards could be treated differently based simply on their county of commitment, i.e., as to whether or not the county had entered into a contract with the D.J.F." Minor cites no legal authority in support of this argument, and we are aware of no authority requiring uniformity of county rehabilitation resources. The juvenile court in each county considers all available resources in making the dispositional order in any particular case. (See, e.g., § 730, subd. (a).) A county with a local sexual offender program at its juvenile facility might be less likely to enter into a section 1752.16 contract with DJF, just as a juvenile court in such a county might exercise its discretion differently than would a juvenile court with no such local resources. Individual exercises of discretion by prosecutors and judges do not provide a basis for an equal protection challenge unless the discretion involves "invidious discrimination" or "vindictive or retaliatory" reasoning. (*Manduley v. Superior Court* (2002) 27 Cal.4th 537, 569-571 [prosecutor's charging discretion under § 707, subd. (d)].) The Legislature's decision to provide an additional rehabilitation alternative to those counties in need of such a program does not violate the equal protection rights of persons in such counties that accept such an offer.

Minor contends the dispositional order in this case impermissibly intermingles the responsibilities of the probation department and the responsibilities of DJF. He contends

seek housing at DJF for the purpose of minor's participation in the sexual offender program during the time minor was otherwise in juvenile hall; the court did not purport to order DJF to accept minor into the program.

the joint responsibility that results is unprecedented, unauthorized by the Welfare and Institutions Code, and unconstitutionally vague. It is clear from the statutory scheme, however, that the juvenile court retains supervision and control over a minor. That supervision and control is not altered by the minor's participation in the DJF sexual offender program. Unquestionably, a ward placed in a foster home, a residential treatment program, or juvenile hall (or an older ward housed in the county jail under § 208.5) is answerable on a daily basis to those who operate the program, but that does not change the ultimate responsibility of the juvenile court for the ward's supervision and control. (See § 727, subd. (a).) Similarly, when a ward is committed to juvenile hall pursuant to section 202, subdivision (e)(4), and housed at DJF pursuant to section 1752.16, the juvenile court retains ultimate responsibility for supervision and control. The responsibility of a service provider, in this case DJF, for the day-to-day operation of the program for wards, with ultimate supervision and control in the juvenile court, is not unprecedented; it is, as stated, the same as a myriad of placements of wards under the Welfare and Institutions Code. The supervisory relationship is authorized by sections 727, subdivision (a) and 1752.16, and that relationship does not result in an unconstitutionally vague order: The juvenile court clearly ordered that minor "successful[ly] complet[e]" DJF's sexual offender program. The court clearly has the retained jurisdiction to determine whether minor has done so.

Minor next contends section 1752.16 is an unconstitutional ex post facto law. (See U.S. Const., art. 1, § 10; Cal. Const., art. 1, § 9.) The state and federal ex post facto laws have the same meaning. (*John L. v. Superior Court* (2004) 33 Cal.4th 158, 171-172.) "[N]o statute falls within the ex post facto prohibition unless 'two critical elements' exist." (*Id*. at p. 172.) "First, the law must be retroactive." (*Ibid*.) Section 1752.16 is applicable to minor solely because he was, prior to the effective date of that section, the subject of a section 602 petition charging a crime listed in Penal Code section 290.008, subdivision (c), and was serving a commitment to DJF on the date *In re*

8.

*C.H., supra,* 53 Cal.4th 94 was decided. Accordingly, the first requirement for a prohibited ex post facto law is met.

The second requirement for a prohibited ex post facto law is that the law must have one or more of the following four effects: it makes criminal acts that were innocent when done; it makes the crime greater or more aggravated than it was when committed; it inflicts a greater punishment for the crime than was available when the crime was committed; or it alters the rules of evidence or the required proof for conviction. (*John L., supra,* 33 Cal.4th at p. 172 & fn. 3.)

Minor contends section 1752.16 violates the third of these prohibitions; that is, he contends section 1752.16 increases the punishment that could have been imposed upon him at the time he committed his section 602 offense. This contention is without merit. Both before and after the enactment of section 1752.16, a ward could be confined in a variety of juvenile institutions run by the county (§ 730, subd. (a)) and could be ordered to "participate in a program of professional counseling as arranged and directed by the probation officer as a condition of continued custody of the ward." (§ 731, subd. (a)(3).) The mere fact that the state created an additional resource to provide sexual offender treatment, and that this resource was in a different location than the existing local programs, does not constitute an increase in the punishment authorized for purposes of the ex post facto clauses. (See *People v. Cruz* (2012) 207 Cal.App.4th 664, 672, fn. 8 [serving sentence locally is not lesser punishment than serving same length sentence in state prison for ex post facto purposes].)

In addition, for wards of minor's age, section 208.5, both before and after the enactment of section 1752.16, permitted a ward who is committed to juvenile hall to be housed in the county jail. (See *In re Ramon M.* (2009) 178 Cal.App.4th 665, 673.) It cannot realistically be argued that housing at DJF for the limited purpose of successful completion of the sexual offender program is a greater punishment than a fixed term of commitment to juvenile hall, with housing at the county jail, where the ward has no

9.

ability to effectuate his release through completion of a counseling program. Because it does not authorize punishment of a type or duration greater than permitted before its enactment, section 1752.16 is not a prohibited ex post facto law.

Minor's remaining contentions are not supported by the record. First, he contends the juvenile court abused its discretion by failing to consider local alternatives to the DJF sexual offender program. However, the probation officer contacted a local residential program which informed the officer it would not accept minor because he was ineligible for foster-care placement (due to his age), and the probation officer stated reasons why no other residential facilities were available. The juvenile court fully considered these alternatives. Minor has not demonstrated the court abused its discretion. (See *In re Robert H.* (2002) 96 Cal.App.4th 1317, 1329-1330.) Second, minor contends the juvenile court erred by continuing minor "on probation" and erred in attempting to "retain[] jurisdiction" to impose conditions of probation at a later date. In fact, however, minor was continued as a ward of the juvenile court and was committed to juvenile hall until his 21st birthday. He was conditionally authorized to be housed at DJF until he completed the sexual offender program. Such an order, and other similar orders, are authorized by section 730, subdivision (b): When a ward is committed to juvenile hall under section 730, subdivision (a), "the court may make any and all reasonable orders for the conduct of the ward …. The court may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (*Id.*, subd. (b).)

**DISPOSITION**

The order of May 4, 2012, is affirmed. Minor's request, filed September 20, 2012, that we take judicial notice of the appellate record in F060094 is granted.

_____
                                                                            DETJEN, J.

WE CONCUR:


_____
POOCHIGIAN, Acting P.J.


_____
FRANSON, J.

11.