Filed 3/28/19
Opinion following supplemental briefing
**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| In re J.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>J.C.,<br><br>     Defendant and Appellant. | A154389<br><br>(Contra Costa County<br>Super. Ct. No. J1-800375) |


Minor J.C. (Minor) challenges the juvenile court's disposition order committing him to juvenile hall until age 21, but providing for an earlier release if and when he successfully completes a court-ordered treatment program. We affirm the commitment order and reject Minor's contention that it impermissibly delegates to the probation officer the authority to determine the length of Minor's commitment.

BACKGROUND

Following a Welfare and Institutions Code section 602[1] petition, Minor admitted to carjacking with a personal firearm use enhancement. (Pen. Code, §§ 215, subd. (a), 12022, subd. (b)(2).) The probation officer recommended the juvenile court adjudge Minor a ward of the court, remove him from parental custody, and commit him to a

_____

[1] All undesignated section references are to the Welfare and Institutions Code.

1

county institution "for a period not to exceed maximum custody time of 12 years, or until age 21, whichever occurs first."[2] The probation officer further recommended the juvenile court order the following: "Minor to participate in the County Institution Program, YOTP [Youthful Offender Treatment Program], minor must successfully complete all phases of the program, follow all treatment requirements, and obey all rules and regulations."

At the May 2018 disposition hearing, Minor's counsel requested placement at a juvenile ranch facility (the Ranch). Minor's counsel further argued, "If you are leaning towards YOTP commitment, . . . I'm objecting to an indefinite commitment. YOTP is a ten-month program. It's split into three phases. Each is 12-weeks long. Including [an] orientation phase . . . I believe a commitment then for ten months would be more appropriate." The probation officer responded that YOTP is a ten-month program only "if everything is done correctly and he progresses, but that's not a guarantee that it's a ten-month program. It depends on him."

The juvenile court adopted the probation department's recommendation of a YOTP commitment: "I believe that the Youthful Offender Treatment Program is the best program to meet [Minor's] rehabilitative needs while keeping the community safe . . . . [¶] I don't think that there is a lesser restrictive alternative. I don't think the Ranch is appropriate. Not only was a firearm involved, this is a . . . 707(b) offense that is, does make him eligible to go to Department of Juvenile Justice. It's one that honestly he could easily be going to the Department of Juvenile Justice."

The court declined to order a fixed term of commitment: "YOTP is not a program that necessarily is a 10-month program. There may be programming or different levels that add up to ten months, but the reality is everyone goes through YOTP at the[ir] particular pace. Not everyone progresses to the next level or phase at exactly the same time and it really depends on how well each person, individual is doing in the program itself. [¶] . . . YOTP is meant to have programming that is meant to be completed and

---

[2] Minor was 16 years old at the time of disposition.

2

there are times that one would not advance through the program within this set time frame. . . . It's unclear exactly how long it will take to finish the program. So I don't believe it was ever meant to be exactly a ten-month program. [¶] . . . [¶] . . . I'm hopeful that [Minor] will progress through the various phases successfully without any pauses, but again, I can't predict exactly when he will finish the program. The key is that he finish all the programming at YOTP." The court later noted that if Minor "has what would be called a perfect program, sounds like it would be closer to ten months. If he does not have a perfect program I can't say it will be that amount. It could be longer. The key is to completely, successfully complete all phases of the program, and obviously there [is] the maximum period he could be held and that would be basically until his 21st birthday, and I'm sure he will have completed YOTP before then." The court adopted the probation officer's recommended orders on this issue without modification.

At the end of the disposition hearing, the court set a "YOTP review date" for December 2018, seven months away, "to see how [Minor] is doing."

DISCUSSION

Minor contends the disposition order delegates to the probation officer the authority to determine the length of Minor's commitment, because the probation officer will determine whether and when Minor successfully completes YOTP, which in turn will determine when he is released.[3] Minor further contends this delegation is a separation of powers violation because the authority to determine the length of Minor's commitment is a nondelegable power of the juvenile court. Because we disagree with Minor's first contention, we need not and do not resolve the second.[4]

---

[3] The court's comments clearly contemplate that Minor will be released if and when he successfully completes YOTP, and the parties so assume.

[4] We also need not decide whether Minor forfeited the argument, as the People contend.

3

To support his contention that the probation officer alone determines whether a minor successfully completes YOTP, Minor points to YOTP's location in juvenile hall[5] and to section 852, which provides: "The juvenile hall shall be under the management and control of the probation officer." While these factors establish that the probation officer has day-to-day supervision and control over Minor, under *In re Robert M.* (2013) 215 Cal.App.4th 1178 (*Robert M.*), the juvenile court nonetheless retains the ultimate authority to determine whether and when Minor successfully completes YOTP.

*Robert M.* began by noting that, when a minor is committed to juvenile hall, "[i]t is clear from the statutory scheme . . . that the juvenile court retains supervision and control over a minor," and "[t]hat supervision and control is not altered by the minor's participation in" a custodial treatment program ordered by the juvenile court. (*Robert M., supra,* 215 Cal.App.4th at p. 1185.) The court continued: "Unquestionably, a ward placed in a foster home, a residential treatment program, or juvenile hall . . . is answerable on a daily basis to those who operate the program, but that does not change the ultimate responsibility of the juvenile court for the ward's supervision and control." (*Ibid.*) Thus, *Robert M.* concluded, where the juvenile court "ordered that minor 'successful[ly] complet[e]' " the custodial treatment program, "[t]he court clearly has the retained jurisdiction to determine whether minor has done so." (*Ibid.*) Under *Robert M.,* the juvenile court's commitment order did not delegate to the probation officer the determination of whether and when Minor successfully completes YOTP.

Minor argues *Robert M.* is inapposite because it addressed a different argument than the one presented here. In *Robert M.,* the juvenile court ordered the minor committed to juvenile hall but housed at the Division of Juvenile Facilities (DJF)

---

[5] We grant Minor's request for judicial notice of a Contra Costa County Probation Department publication which states, "YOTP is a 30-bed boys treatment program located inside Juvenile Hall." The People do not dispute that YOTP is located in juvenile hall.

pursuant to section 1752.16.[6] (*Robert M., supra,* 215 Cal.App.4th at p. 1182.) The court further ordered the minor " 'to complete sex offender counseling' " at DJF and, " 'upon completion of that sex offender counseling, he is to be returned to the Stanislaus County Juvenile Court for possible modification of his sentence.' " (*Ibid.*) The minor challenged the order as "impermissibly intermingl[ing] the responsibilities of the probation department and the responsibilities of DJF" in a manner unauthorized by statute and unconstitutionally vague. (*Id.* at p. 1185.) The Court of Appeal rejected the argument by concluding the juvenile court, not probation or DJF, retained ultimate supervision and control over the minor. (*Ibid.*) Although the legal arguments in *Robert M.* and the instant case are different, both challenge the impact of a commitment order on an administrative entity's supervision and control over a minor in a court-ordered custodial treatment program. *Robert M.'s* analysis—finding that despite the administrative entity's day-to-day supervision of the minor, the juvenile court retains the ultimate authority to determine whether the minor successfully completed the program—applies equally here. Accordingly, under *Robert M.,* the juvenile court retains the authority to determine whether and when Minor has successfully completed YOTP.

Indeed, the juvenile court exercised that retained authority in scheduling a "YOTP review hearing" seven months after disposition. This review hearing further undermines Minor's assertion that the court delegated to the probation officer the authority to determine whether Minor has successfully completed YOTP. Following this hearing, the court will presumably schedule further hearings necessary to the exercise of its retained authority over whether and when Minor successfully completes YOTP.

---

[6] Section 1752.16 was enacted in response to a California Supreme Court case limiting the offenses for which a minor could be committed to DJF, authorizing such arrangements for wards who were in the custody of DJF when the case was decided. (See *Robert M., supra,* 215 Cal.App.4th at pp. 1181–1182.) The challenged disposition order in *Robert M.* issued on remand following the California Supreme Court case. (*Id.* at p. 1182.)

Minor argues a YOTP "handbook" demonstrates that the probation officer determines the length of Minor's commitment.  Minor requests that we take judicial notice of this handbook; the People oppose the request solely on relevance grounds.  As explained below, we find the document relevant.  We need not decide whether, as Minor contends, the handbook's descriptions of YOTP are judicially noticeable as "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy."  (Evid. Code, § 452, subd. (h).)  Even so assuming, the handbook supports our analysis rejecting his challenge.  Minor points to the handbook's statement: "Your commitment, as ordered by the court is for the maximum custody time allowed based on your charges or a period not to exceed your 21st birthday, whichever comes first.  A court review will be set by your Deputy Probation Officer prior to your successful completion of phase three, your DPO [Deputy Probation Officer] will then inform the court of your progress, and whether you *should* be released to Phase Four, GPS Supervision / Community Aftercare."[7] (Italics added.)  This description plainly contemplates the probation officer will provide the juvenile court with an opinion about whether the minor has successfully completed the program and will make a recommendation to the court regarding the minor's release. The court will then make the final determination on these issues.

According to Minor, the handbook provides that "only when probation determines a child has successfully completed phase three will it set a court review recommending release to phase four."  In fact, the handbook states the court review will be set "*prior* to your successful completion of phase three," not after successful completion.  (Italics added.)  To the extent the handbook assumes the probation officer will determine whether the minor has successfully completed phases one and two, Minor concedes the juvenile

---

[7] According to the handbook, YOTP is composed of an orientation followed by four "phases," the fourth of which is completed outside of juvenile hall.  For convenience, we will continue to refer to the successful completion needed for Minor's early release as that of the YOTP program, rather than of phase three.

court could "overrule a phase decision by probation" but argues the authority to determine a minor's successful completion has nonetheless been impermissibly delegated to the probation officer. The logical extension of Minor's argument is that *any* decision impacting a minor's progress through YOTP cannot be made by probation in the first instance, even if the court will hold review hearings and retains the authority to overrule the decision. We see no legal basis for such a conclusion. When a minor is committed to a county facility and ordered to complete a treatment program, juvenile courts can and do delegate the day-to-day supervision of the minor, while retaining the ultimate authority to determine whether the minor has successfully completed the program. (*Robert M., supra,* 215 Cal.App.4th at p. 1185.)

We note also that, at the review hearings, Minor may inform the juvenile court if he disagrees with the probation officer's assessment of his progress to date. In addition, at any time, Minor (or his parents or attorney) can file a section 778 petition requesting the juvenile court modify the disposition order. (§ 778, subd. (a)(1) ["[a]ny parent or other person having an interest in a child who is a ward of the juvenile court or the child himself or herself through a properly appointed guardian may, upon grounds of change of circumstance or new evidence, petition the court in the same action in which the child was found to be a ward of the juvenile court for a hearing to change, modify, or set aside any order of court"]; Cal. Rules of Court, rule 5.60(e)(1) [§ 778 petition can be filed by, inter alia, parent, child, or child's attorney].) For example, if Minor contends the probation officer is unfairly assessing Minor's performance in YOTP, this would appear to constitute a changed circumstance from the implicit assumption in the dispositional order that the probation officer will fairly assess Minor's performance.

Minor argues a finding that the commitment order is unlawful would not eliminate YOTP or similar programs because juvenile courts could set a fixed term of confinement and, if the minor failed to successfully complete the custodial program in that time, the probation officer could file a notice of probation violation to extend the confinement period. The availability of an alternative commitment order does not render the current order unconstitutional.

In sum, the disposition order commits Minor to juvenile hall until age 21, but provides he will be released earlier if he successfully completes YOTP. Under the statutory scheme, the juvenile court retains the supervisory authority to determine whether and when Minor successfully completes YOTP and, therefore, whether and when he will be released early from juvenile hall. The juvenile court scheduled a review hearing in the exercise of that supervisory authority. If Minor believes the probation officer is unfairly assessing his performance in the program, he can bring the issue to the juvenile court at the scheduled review hearing or by filing a section 778 petition. The commitment order does not delegate to the probation officer the discretion to determine the length of Minor's commitment.[8]

## DISPOSITION

The order is affirmed.

---

[8] Minor also argues that an extended commitment because of his failure to successfully complete YOTP within ten months is, in effect, a commitment for violating his probation conditions without notice or a hearing, as required by section 777 and due process. Section 777 provides: "An order changing or modifying a previous order by removing a minor from the physical custody of a parent . . . and directing . . . commitment to a county institution . . . shall be made only after a noticed hearing." The juvenile court's disposition order does not authorize the probation officer to "chang[e] or modify[] a previous order" or "remov[e]" Minor from the physical custody of his parents. Instead, it orders Minor committed to juvenile hall until his 21st birthday, unless he successfully completes YOTP, in which case he shall be released earlier. The noticed hearing for probation violations required by section 777 and due process has no bearing on the case at hand.

8

 

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

BURNS, J.

(A154389)

Superior Court of Contra Costa County, No. J18-00375, Hon. Barbara C. Hinton, Judge.

L. Richard Braucher, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Leif M. Dautch, Eric D. Share, and Ronald E. Niver, Deputy Attorneys General, for Plaintiff and Respondent.