Filed 8/21/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re I.M., a Person Coming Under the Juvenile Court Law. | A156934 |
| THE PEOPLE, Plaintiff and Respondent, | (Contra Costa County Super. Ct. No. J1800600) |
| v. | |
| I.M., Defendant and Appellant. | |

Appellant I.M., a ward of the juvenile court, challenges two probation requirements in a disposition order, that she (1) participate and successfully complete the "Girls in Motion" (GIM) program at juvenile hall, and (2) report "any police contacts" to the deputy probation officer within 24 hours.

We remand the matter for the juvenile court to either strike or modify the reporting requirement to meet constitutional standards. In all other respects, we affirm the order.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 28, 2019,[1] while then 17-year-old appellant was a ward of the court and on probation, the Contra Costa County District

---

[1] Unless otherwise noted, all further events occurred in 2019.

Attorney filed a supplemental Welfare and Institutions Code section 602, subdivision (a) petition, alleging appellant had committed acts constituting felony second-degree robbery (Pen. Code, §211).

The parties entered into an agreement to resolve the petition and a pending violation of probation allegation. On March 12, the People amended the petition to include an allegation that appellant had committed acts constituting felony grand theft. Appellant admitted to the felony grand theft allegation, and the robbery and violation of probation allegations were dismissed. The People agreed not to object to the reduction of the felony grand theft allegation to a misdemeanor upon appellant successfully completing probation.

Prior to the March 26 disposition hearing, probation reported that appellant had continually failed to engage in community rehabilitative services and posed a risk to herself and the community. To assist with rehabilitation, probation recommended the court require her to participate and successfully complete the custodial GIM program conducted at juvenile hall.

On March 26, the juvenile court continued appellant as a ward of the court. The court ordered appellant detained in juvenile hall for a period not to exceed her maximum custody time of 3 years 4 months, or until the age of 21, whichever occurred first, with credit for time served of 57 days. The court directed appellant to comply with certain probation conditions, including a requirement that she was "to report any police contacts" to the deputy probation officer within 24 hours.

The court also ordered appellant "to participate in the County Institution Program, GIM, [] successfully complete all motions of the program, follow all treatment requirements, and obey all rules and

2

regulations" while detained at juvenile hall. The court found the GIM program was "a good and appropriate program" for appellant, who needed a "significant intervention" to reset her life patterns. Appellant's counsel objected on due process grounds as no date certain was set for termination of the custodial commitment in juvenile hall and probation would be allowed to determine whether and when appellant had successfully completed the GIM program. Rejecting counsel's arguments, the court noted it was not relinquishing its authority to monitor appellant while she was in the GIM program. To that end, the court scheduled a September review hearing. The court also stated that appellant could file a petition for modification of the disposition order based on a change of circumstances.

Appellant timely appealed.

## DISCUSSION

### I. Probation Requirement to Participate and Successfully Complete Custodial GIM Program

Appellant challenges the requirement that she participate in the custodial GIM program conducted at juvenile hall as the dispositional order unconstitutionally delegated the juvenile court's authority to determine the length of commitment to the probation department. While the issue is moot as the juvenile court terminated appellant's detention on January 30, 2020 after she successfully completed the GIM program[2], we exercise our discretion to address the issue on its

---

[2] On February 27, 2020, we granted the People's motion to augment the record on appeal to include the juvenile court's January 30, 2020 minute order, which indicates appellant was released from juvenile hall following her successful termination "from GIM aftercare."

3

merits as it is likely to recur, might otherwise evade appellate review, and is of continuing public interest.  (See *People v. Morales* (2016) 63 Cal.4th 399, 409.)

As described in "a 'draft' handbook," revised November 29, 2016,[3] the GIM Program is designed "to provide a safe and structured environment at the Contra Costa County Juvenile Hall [for minors detained there] using [a] behavioral management system . . . and individualized treatment plans . . . focused to strengthen pro-social values/attitudes and restructure anti-social behaviors and cognitive distortions."  "The time spent" in the program "is determined by successful completion of each of the four motions which can typically be accomplished within a period of 5-6 months.  A resident's individual program length will depend on their individual progress towards completing treatment goals, and their ability to reach personal objectives, complete assigned treatment classes and successfully work through the [four] motions (steps) of the program."

The GIM program's first three motions are completed in juvenile hall, followed by motion four which is completed while the minor is conditionally released into the custody of a parent or guardian and on electronic monitoring.  The program designates a minimum aggregate period of approximately four and a half months (six weeks each) to complete motions one through three.  "A court review of the resident's progress will be set for 5 months from the date of program

---

[3]     On December 3, 2019, we granted appellant's unopposed request for judicial notice of "a 'draft' handbook of the Girls in Motion Program," revised November 29, 2016.

4

commitment. At the 5 month court review, the probation officer will notify the court of the resident's progress in the program and the anticipated . . . remaining time until treatment goals are completed." At the completion of motion four (90-day conditional release), the minor returns to the court "for a final GIM review": probation provides the court with an update, and "once the [minor's] commitment to GIM is set aside by the court," probation transfers the minor to a "general supervision" deputy probation officer in the community.

Appellant argues the GIM program requirement constitutes an unlawful delegation of authority that violates constitutional separation of powers and due process because (1) the length of the juvenile hall commitment depends on the minor's successful completion of the GIM program[4]; (2) the GIM program handbook provides that probation decides whether a minor advances through the various phases of the program; and (3) thus, it is probation that determines the length of a minor's custodial commitment in juvenile hall.

We disagree. The disposition order states that the minor is to be detained at juvenile hall for an identified period of time (maximum of 3 years 4 months, or until 21, whichever occurs first), and that while detained the minor must "successfully complete all motions of the program, follow all treatment requirements, and obey all rules and regulations." Thus, by its own terms, the order makes it clear it is

---

[4]     While not entirely clear from the transcript of the disposition hearing, the juvenile court appeared to contemplate that appellant would be released from juvenile hall if she successfully completed the GIM program. In fact, on January 30, 2020 the court terminated appellant's detention at juvenile hall based upon successful completion of the GIM program.

juvenile court which has determined the maximum length of appellant's commitment in juvenile hall and terms of commitment. While the custodial GIM program is conducted in juvenile hall, which is managed and operated by probation as part of its responsibility for the "day-to-day supervision and control over [the minor], the juvenile court nonetheless retain[ed] the ultimate authority" to determine the length of commitment in juvenile hall, subject to an earlier release if and when appellant successfully completed the GIM program. (*In re J.C.* (2019) 33 Cal.App.5th 741, 745 (*J.C.*).)

Appellant acknowledges that her improper delegation of authority argument has been rejected by our Division Five colleagues in *J.C.*, *supra*, 33 Cal.App.4th 741, which reviewed a disposition order involving a minor committed to juvenile hall for a maximum term, but provided for an earlier release if and when he successfully completed the Contra Costa County Youthful Offender Treatment Program (YOTP) (*id.* at pp. 744-745). *J.C.* did not address the minor's separation of powers argument because it found the juvenile court had not unlawfully delegated its authority to determine the length of the minor's custodial commitment by allowing probation to decide whether and when the minor successfully completed YOTP. (*Id.* at pp. 745-746.)

In reaching its conclusion, *J.C.* found, in pertinent part, that (1) under *In re Robert M.* (2013) 215 Cal.App.4th 1178 (*Robert M.*), "[w]hen a minor is committed to a county facility and ordered to complete a treatment program, juvenile courts can and do delegate the day-to-day supervision of the minor, while retaining the ultimate authority to determine whether the minor has successfully completed the program"; (2) probation's day-to-day supervisory authority included making

6

decisions in the first instance regarding a minor's progress through the various phases and successful completion of YOTP; (3) the juvenile court exercised its retained authority to decide whether and when the minor successfully completed YOTP by scheduling YOTP review hearings to exercise its retained authority over whether and when the minor successfully completed YOTP; (4) probation's decisions regarding the minor's progress and successful completion of YOTP could be challenged at the review hearings by the minor, and, at any time, minor (or parents, attorney, or any interested person), could file a petition for modification of the disposition order under Welfare and Institutions Code section 778, subdivision (a)(1) and California Rules of Court, rule 5.60(e)(1); and (5) YOTP's handbook provisions supported the court's rejection of the minor's assertion of an impermissible delegation of authority to probation to decide whether and when a minor had successfully completed YOTP. (*J.C.*, *supra*, 33 Cal.App.5th at pp. 745-747.)

Appellant argues *J.C.* was incorrectly decided because it improperly relied on *Robert M.*, which merely holds the juvenile court has the ultimate responsibility and control over a minor in any placement, and did not address the issue here – whether probation's day-to-day supervisory authority includes decisions regarding a minor's progress and successful completion of the GIM program, which in turn impacts the length of the minor's custodial commitment. According to appellant, the length of a minor's custodial commitment is rendered indeterminate because probation alone makes the decisions in the first instance as to whether and when a minor advances through the various motions of the GIM program. However, "[t]he logical extension of

7

[appellant's] argument is that *any* decision impacting a minor's progress through [the GIM program] cannot be made by probation in the first instance, even if the court will hold review hearings and retains the authority to overrule the decision. We see no legal basis for such a conclusion.  When a minor is committed to a county facility and ordered to complete a treatment program, juvenile courts can and do delegate the day-to-day supervision of the minor, while retaining the ultimate authority to determine whether the minor has successfully completed the program.  (*Robert M.*, *supra*, 215 Cal.App.4th at p. 1185.)" (*J.C.*, *supra*, 33 Cal.App.5th at p.747, italics in original.)  *J.C.* persuasively reasons that *Robert M.*'s "analysis —finding that despite the administrative entity's day-to-day supervision of the minor, the juvenile court retains the ultimate authority to determine whether the minor successfully completed the program —applies equally" in the case before us.  (*J.C.*, *supra*, at p. 746.)

Nor are we persuaded by appellant's attempt to distinguish *J.C.* based on differences between the GIM program at issue here and YOTP at issue in *J.C.* Like the GIM Program, "YOTP is . . . located inside Juvenile Hall."  (*J.C.*, *supra*, 33 Cal.App.5th at p. 745, fn. 5.)  While the timed phases in the GIM program are shorter, YOTP is also "split into three phases.  Each is 12 weeks long, including [a]n orientation phase" . . . followed by a fourth phase "which is completed outside juvenile hall."  (*J.C.*, *supra*, at pp. 743, 747, fn. 7.)  YOTP's handbook provides that " '[a] court review will be set by your Deputy Probation Officer *prior to your completion of phase three*, your [Deputy Probation Officer] will then inform the court of your progress, and whether you *should* be released to Phase Four, GPS Supervision/Community Aftercare.' "

(*J.C.*, *supra*, at pp. 746-747; first italics added by this court; second italics added by *J.C.* court.)  In contrast, the GIM program's handbook specifically provides for a juvenile court review five months after disposition, a court and probation determination as to the length of time a minor shall be on electronic monitoring during the 90 days of conditional release, and a final court review of the minor's behavior, progress, and compliance at the completion of the 90 days of conditional release.  As is self-evident, these differences are insignificant.

Of importance, and similar to YOTP, the GIM program "plainly contemplates the probation officer will provide the juvenile court with opinions" about the minor's participation in the program and when the minor may be expected to complete the program, as well as "an opinion about whether the minor has successfully completed the program and will make a recommendation to the court regarding the minor's release. The court will then make the final determination on these issues." (*J.C*, *supra*, 33 Cal.App.5th at p. 747.)

Simply put, the juvenile court did not delegate to the probation officer the authority to determine the length of the minor's custodial commitment.  While the probation department supervises the minor's progress through the GIM program on a day-to-day basis, "the juvenile court retains the supervisory authority to determine whether and when [the minor] successfully completes" GIM, "and, therefore, whether and when [the minor] will be released early from juvenile hall." (*J.C.*, *supra,* 33 Cal.App.5th at p. 748.)  In fact, the juvenile court scheduled a review hearing "in the exercise of that supervisory authority" (*ibid.*) and made sure the minor and counsel were aware of the ability to file a petition to modify the disposition order under Welfare and Institutions

Code section 778, subdivision (a)(1) and California Rules of Court, rule 5.60(e)(1). (*J.C.*, *supra*, at p. 748.)

Therefore, the disposition order did not improperly delegate to probation the authority to determine the length of appellant's custodial commitment at juvenile hall without judicial review and approval.

## II. Probation Requirement to Report Police Contacts

Appellant argues, the People concede, and we concur that the probation requirement "to report any police contacts" to the deputy probation officer within 24 hours is unconstitutionally vague and overbroad. This requirement "does indeed leave one to guess what sorts of events and interactions qualify as reportable," and "casts an excessively broad net over what would otherwise be activity not worthy of reporting." (*People v. Relkin* (2016) 6 Cal.App.5th 1188, 1197.)

The parties propose alternate remedies. Appellant contends the reporting requirement should either be stricken or modified. The People propose we modify the reporting requirement to provide: "Minor to report any police contacts related to criminal activity, arrests, or an officer's request for the minor's identification, to the DPO within 24 hours." However, this proposed modification remains vague as it does not indicate whether appellant is required to report police contacts concerning criminal activities and arrests based solely on her own conduct or whether it also includes criminal activities and arrests of other persons which appellant may witness.

Rather than attempting to craft a modification, we remand the matter to the juvenile court to determine in the first instance whether to strike or modify the reporting requirement. If the court determines modification is appropriate, the new reporting requirement should be

"closely" tailored to its purpose (*In re Sheena K.* (2007) 40 Cal.4th 875, 890), and use language that is sufficiently precise so that appellant will know what types of police contacts she is required to report.

## DISPOSITION

This matter is remanded to the juvenile court with directions to either strike or modify the probation requirement that reads: "Minor to report any police contacts to the DPO within 24 hours," consistent with the views expressed in this opinion. In all other respects, the March 26, 2019 disposition order is affirmed.

_____
Petrou, J.

WE CONCUR:


_____
Fujisaki, Acting P.J.


_____
Jackson, J.

*People v. I.M./A156934*

12

Trial Court:      Contra Costa County Superior Court

Trial Judge:      Hon. John C. Cope

Counsel:          Office of Attorney General, Xavier Becerra, Attorney
                  General, Lance E. Winters, Chief Assistant Attorney
                  General, Jeffrey M. Laurence, Senior Assistant
                  Attorney General, Catherine A. Rivlin, Supervising
                  Deputy Attorney General, Karen Z. Bovarnick,
                  Deputy Attorney General, for Plaintiff and
                  Respondent.

                  First District Appellant Project, Karriem Baker, for
                  Defendant and Appellant.