Filed 11/30/20  In re M.T. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re M.T., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>M.T.,<br><br>       Defendant and Appellant; | A157517<br><br>(City & County of San Francisco Super. Ct. No. JW176102) |

M.T., a minor in an out-of-home placement, challenges a probation condition requiring him to participate in "any programs of counseling" or "any other programs and/or services" referred to him and "deemed appropriate" by probation.  He contends the condition improperly delegates judicial authority to the probation officer to decide in the first instance the specific programs M.T. must participate in to successfully complete probation.  We disagree and affirm.

**BACKGROUND**

While walking in downtown San Francisco one evening with his smartphone in hand, S.C. was suddenly hit on the side of his head.  He fell to

1

the ground.  He was surrounded by four people who continuously hit him and knocked the phone out of his hands.  They grabbed the device and ran.

Using the phone's tracking software, police officers located S.C.'s phone moving towards Civic Center.  Near an area known for stolen goods trafficking, officers spotted individuals matching the description of the suspects and followed them on foot.  The officers saw one of them, who was later identified as M.T.'s co-defendant, attempt to sell a phone to passersby.  The officers approached, identified themselves, took the phone, and detained him so he could not flee.  The officers identified M.T. as one of the seller's three companions.  M.T. fled and was later detained nearby.  After the victim verified the recovered phone was his, it was returned to him.

The District Attorney filed a juvenile wardship petition (Welf. & Inst. Code, § 602, subd. (a)) charging M.T. with second-degree robbery (Pen. Code, § 211) and misdemeanor resisting or obstructing a peace officer (Pen. Code, § 148).

At the contested jurisdictional hearing, all the responding officers, S.C., and M.T. testified.  M.T. admitted participating in the robbery and identified himself in surveillance video of the incident.  That day, he met friends downtown and planned to steal phones.  He did not know his friend was going to punch S.C. beforehand.  Normally, they would just snatch the phone and run.  M.T. said he took no part in hitting S.C.

The court sustained the second-degree robbery and resisting arrest allegations.

M.T. also admitted a felony grand theft allegation (Pen. Code, § 487, subd. (c)) in another petition related to an earlier phone theft from a different victim.

At the contested disposition hearing, the court removed M.T. from the custody of his mother and ordered out-of-home placement in the Catholic Charities Boys' and Girls' Home.

The court also imposed a series of probation conditions. One condition in the court's minute order states M.T. shall: "Participate fully in any programs of counseling deemed appropriate by your probation officer which may include individual, group and family counseling as well as drug counseling, testing and treatment, or any other programs and/or services you are referred to by your probation officer." The condition immediately following states he shall: "Participate in individual/family therapy."

In orally pronouncing judgment, the court announced these conditions and advised M.T., "You must participate fully in any programs or counseling deemed appropriate by any probation officer, which may include individual, group, and family counseling—and I'd like to urge mom to participate fully in family counseling—as well as drug counseling, testing and treatment, or any other programs and/or services you're referred to by your probation officer. Understand that, [M.T.]?" After M.T. said he understood, the court further advised, "You must also participate in individual or family therapy." This appeal followed.

## DISCUSSION

M.T. argues the probation condition requiring him to participate in counseling programs including individual, group, and family counseling as well as drug counseling, testing, and treatment or "any other programs and/or services" that are "deemed appropriate" by his probation officer was an unlawful delegation of judicial authority. He says the condition must be stricken or at minimum modified. We disagree.

3

We generally review a juvenile court's imposition of a probation condition for an abuse of discretion. (*In re Malik J.* (2015) 240 Cal.App.4th 896, 901.) However, when a term of probation is challenged as unconstitutionally vague or overbroad or because it impermissibly delegates judicial authority, the claim presents a question of law which we review de novo. (*In re J.H.* (2007) 158 Cal.App.4th 174, 183; *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

"[A juvenile] court may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (Welf. & Inst. Code, § 730, subd. (b).) Indeed, juvenile probation conditions may be broader than those pertaining to adult probationers "because juveniles are deemed to be more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed." (*In re Antonio R.* (2000) 78 Cal.App.4th 937, 941.) When the state asserts jurisdiction over a minor, it acts as *parens patriae*—standing in the shoes of the parents. (*In re Frank V.* (1991) 233 Cal.App.3d 1232, 1242.) " ' "[A] condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court." ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 889.)

Here, M.T.'s out-of-home placement triggers considerations that influence our review of the trial court's order. "When a minor is committed to a county facility and ordered to complete a treatment program, juvenile courts can and do delegate the day-to-day supervision of the minor, while retaining the ultimate authority to determine whether the minor has successfully completed the program." (*In re J.C.* (2019) 33 Cal.App.5th 741,

4

747.) M.T. was placed in the Catholic Charities Boys' and Girls' Home. He was thus placed in a licensed community care facility identified by probation officials with fundamentally different considerations than would arise from a grant of probation with the minor remaining with a parent in the community. (See Welf. & Inst. Code, § 727, subd. (a).) When viewed in light of the statutory objectives, the challenged condition that M.T. participate in any programs and services deemed appropriate by his probation officer does no more than enable the probation officer to make directives that are necessary for effective implementation of the facility's program of rehabilitation and the supervision of M.T.'s compliance with the conditions of the program.

In any event, the condition cannot be deemed to confer on the probation officer unfettered discretion to impose additional conditions unrelated to the facility's program of rehabilitation because the juvenile court has no power to impose unreasonable probation conditions, and hence cannot delegate such power to the probation officer by means of this kind of general condition. (See *People v. Kwizera* (2000) 78 Cal.App.4th 1238, 1240; accord *People v. Stapleton* (2017) 9 Cal.App.5th 989, 996-997.) Thus, inherent in the condition challenged in this case is that the probation officer, as an officer of the court, will only require defendant to comply with reasonable conditions that promote his reformation under the assigned residential program.

"Probation officers have wide discretion to enforce court-ordered conditions, and directives to the probationer will not require prior court approval if they are reasonably related to previously imposed terms." (*In re Pedro Q.* (1989) 209 Cal.App.3d 1368, 1373.) When we interpret a probation condition we give it " 'the meaning that would appear to a reasonable, objective reader.' " (*People v. Olguin* (2008) 45 Cal.4th 375, 382.) Here, a simple, common sense reading of the words and language of the challenged

5

condition discloses the sufficiency of their meaning to put M.T. on notice of what was expected of him: he was to reside at the Catholic Charities Boys' and Girls' Home, follow its rules and regulations, and participate in directed programs and therapy considered necessary for his successful completion of his program. There was no unlawful delegation of judicial authority.

The cases M.T. relies upon do not convince us otherwise. In *People v. Cervantes* (1984) 154 Cal.App.3d 353, the adult defendant's probation officer was allowed to determine the amount of restitution the defendant had to pay. (*Id*. at p. 358.) *In re Shawna M.* (1993) 19 Cal.App.4th 1686, was a juvenile dependency case in which the court vacated an order that allowed the social service agency to determine how often and under what circumstances a mother could have visits with her dependent child. The court determined the frequency and length of visits were matters for judicial determination that could not be delegated. (*Id*. at pp. 1690-1691.) In *In re Danielle W.* (1989) 207 Cal.App.3d 1227, also a dependency case, the court rejected a claim that excessive discretion was vested in a social worker to control visitation. (*Id*. at p. 1237.) *In re Moriah T.* (1994) 23 Cal.App.4th 1367, is yet another dependency case that affirmed an order allowing a social worker to administer the details of court ordered visits. (*Id*. at pp. 1374-1375.) None of these cases concludes that an order directing a minor placed in a county or group facility to complete programs and therapy as directed by his or her probation officer is an unlawful delegation of judicial authority.

### DISPOSITION

The judgment is affirmed.

                                                 _____

                                                 Siggins, P.J.

WE CONCUR:

_____

Fujisaki, J.

_____

Petrou, J.

*In re M.T.*, A157517