Filed 2/25/21 In re R.W. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re R.W., a Person Coming Under the Juvenile Court Law. | A160353 |
| THE PEOPLE OF THE STATE OF CALIFORNIA, | (Contra Costa County Super. Ct. No. J2000291) |
| Plaintiff and Respondent, v. | |
| R.W., | |
| Defendant and Appellant. | |

In July 2019, following three drive-by shootings and a separate incident resulting in seventeen-year-old R.W.'s arrest for possession of a firearm, the San Joaquin County District Attorney filed an amended Welfare and Institutions Code section 602 petition alleging R.W. had committed numerous felony offenses (including ten counts of attempted murder in association with a criminal street gang (Pen. Code, §§ 186.22, subd. (b), 187, 644)).

At the April 15, 2020 jurisdictional hearing, the San Joaquin County Superior Court accepted R.W.'s waiver of rights and his no contest plea to assault with a firearm on a person (Pen. Code, § 245, subd. (a)(2)) as a lesser offense to one attempted murder count; all

1

remaining counts and enhancements in the amended petition were dismissed. The case was transferred for disposition to Contra Costa County where R.W.'s mother had moved the family. The Contra Costa County Superior Court (hereinafter the juvenile court) accepted the transfer.

At the May 5, 2020 disposition hearing, the juvenile court accepted the probation department's recommendations. R.W. was adjudged to be an indefinite ward of the court, removed from parental custody, and committed to a county institution under probation supervision for a term not to exceed his maximum custodial time of three years and 21 days (four years with credit for time served of 299 days), or until the age of 21, whichever occurred first. The court directed R.W. to comply with certain probation conditions, including that he participate and complete the Youthful Offender Treatment Program (YOTP) while detained in juvenile hall, and comply with numerous gang conditions.

The juvenile court specifically rejected R.W.'s request for release to his mother's custody on electronic monitoring. It found that R.W.'s commitment to a county institution was required based on the extreme seriousness of the offense[1], his ongoing risk to the community given his gang affiliation, and his need for supervision and appropriate services to rehabilitate him within the time frame of the court's jurisdiction.

---

[1] While R.W. refused to speak with the probation officer, the probation officer reported that R.W. was "linked" to "four . . . horrific crimes: three shootings and a car pursuit occurring in a short time frame." When questioned by the police after his arrest, R.W. stated he "hung out" with gang members and he admitted he was the driver of a car involved in one drive-by incident in which the victim was shot and the victim's home and neighborhood were sprayed with bullets.

The court specifically commented that it could not underscore enough how serious the case was - R.W.'s "extremely grave" behavior could have resulted not only in the death of others but his own death and he could have been committed to the Division of Juvenile Justice. According to the court the case was about as "grave" as circumstances could be regarding "this type of activity."

The juvenile court rejected R.W.'s objection to his participation and completion of the YOTP at juvenile hall, noting that our colleagues in Division Five had affirmed the court's authority to impose that condition in *In re J.C.* (2019) 33 Cal.App.5th 741. (See also *In re I.M.* (2020) 53 Cal.App.5th 929, 932-936 [applying *In re J.C.* in upholding probation condition directing participation and completion of similar Girls in Motion program at juvenile hall].)

The juvenile court also imposed numerous conditions focusing on R.W.'s gang affiliation. Specifically, he was prohibited from associating with a gang, using gang insignia, or using any electronic device or social media networking site to transmit or display gang images; he lodged no specific objections to these conditions. R.W. was also required to submit to warrant or warrantless searches of all his electronic devices and social media accounts and applications and to provide his access codes to facilitate those searches ("electronic search condition").

The juvenile court found that information in the probation department's disposition report (report) required R.W. to submit to electronic searches and provide access codes to enable the probation officer to monitor R.W.'s compliance with the terms of his probation. The report, admitted into evidence without objection, indicated that

3

after R.W.'s arrest the police secured a warrant and recovered photographs in a "file" on his cell phone. The court mentioned at the hearing that the "download of digital images" showed, in part, "a variety of pictures where [R.W.] or other individuals were holding firearms and displaying what appeared to be gang images." The report also indicated "the officers recovered three social media files," in the form of a photograph and videos, depicting R.W. holding a black and tan Glock handgun similar to the gun recovered at the time of his arrest; in one video taken inside a car, one person's arm is seen extending into the video holding a black and tan Glock pistol, the gun is pointed at another youth as R.W. is heard to say, " 'I will really blow you bitch' "; and another video is "tagged" in the Instagram name of a youth depicted in the photographs found on the cell phone.

R.W. objected to the electronic search condition by citing to *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*), in which the court struck an electronics search condition on the ground it "was not reasonably related to the probationer's future criminality" (*id.* at pp. 1114, 1128). The *Ricardo P.* court held, however, that an electronic search condition may be imposed to deter future criminality if it is based on a probationer's offense or personal history, citing with approval among other cases, *People v. Ebertowski* (2014) 228 Cal.App.4th 1170 (*Ebertowksi*). (*Ricardo P., supra*, at pp. 1128-1129.) In *Ebertowski,* the defendant was found to be a criminal street gang member, convicted of a gang-related offense, and who had previously used social media sites to promote his gang. (*Ebertowski*, *supra,* at p. 1173.) The appellate court upheld password access to facilitate searches of all electronic devices and social media accounts as necessary to deter future

4

criminality.  (*Id.* at pp. 1176-1177.)  Based on the reasoning in *Ebertowski*, the juvenile court could appropriately impose the electronic search provision as it "related to [a] . . . gang related [crime] and [was] designed to allow the probation officer to monitor [R.W.'s] gang associations and activities . . . necessarily related to his future criminality."  (*Ibid.*)

Appellate counsel has filed a brief asking us to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal.  Appellate counsel has averred R.W. was advised of his right to file a supplemental brief, but he has not filed such a brief.  Having independently reviewed the record, we conclude there are no issues that require further briefing and affirm the commitment order.

## DISPOSITION

The order of commitment is affirmed.

_____
Petrou, J.

WE CONCUR:


_____
Fujisaki, Acting P.J.


_____
Wiseman, J.*


A160353

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.